NIEBUHR *v.* SCHREYER.

(*Common Pleas of New York City and County, Special Term.* October 15, 1888.)

REFERENCE — ENTRY OF JUDGMENT ON REPORT — ACCOUNTING.

In an action to establish a partnership, and for an accounting, a referee, appointed to hear all the issues, reported that plaintiff was entitled to an account.　The same referee was then appointed to take the account, but he failed to file his report with the testimony, as required by rule 30, nor were eight days allowed for exceptions. *Held,* that it was error to enter judgment on filing the report.　The account, having been taken under the second order of reference, was not within Code Civil Proc. N. Y. § 1228, providing that, where the whole issue tried by a referee is one of fact, judgment may be entered on filing the report.

On motion to set aside judgment.

Action by Margaret E. Niebuhr against John Schreyer for an accounting. The referee found a balance due defendant, and judgment was entered therefor on the filing of the report.　Code Civil Proc. N. Y. § 1228, provides that "where the whole issue was an issue of fact, which was tried by a referee, the report stands as the decision of the court," and that judgment may be entered on filing the report.

*Thomas M. Tyng,* for plaintiff. *Alexander Thain,* for defendant.

DALY, J.　This was an action in which plaintiff claimed a partnership between herself and defendant, and demanded an accounting, etc.　The defendant denied the copartnership, and all the issues were referred to a referee to hear and determine.　He made a report finding that the plaintiff was entitled to an accounting as to certain parcels of real estate mentioned in the complaint, but not as to others, and that such accounting should be brought

upon two days' notice; and that the question of a certain counter-claim, set up in the answer, should be reserved to such accounting; and that either party was entitled to enter an interlocutory decree on the report; and ordering such decree. An interlocutory decree was thereupon entered, adjudging the rights of the parties as found by the referee, and referring it to him to take and state the account between the parties. He went on with the accounting, and made a report finding a balance due defendant of $251.37, and ordered judgment for him, with costs accordingly. This report was not filed, with testimony of witnesses, as required by rule 30, nor were eight days allowed for exceptions; but the defendant, on filing the report, immediately entered an ordinary money judgment in his favor against plaintiff for the sum reported due, with costs.

This judgment was clearly irregular. The report of the referee upon the accounting should have been filed, with the testimony of the witnesses, as required by rule 30. The plaintiff should have had her time to file exceptions, which should have been brought to a hearing at a special term, and a final decree made thereon. It is claimed that the referee proceeded with the accounting under the original order of reference of the issues, and that his final report did not require final confirmation, but that judgment was to be entered thereon in accordance with such report, (Code, § 1228;) but this position cannot be maintained. After the entry of the interlocutory decree, which contained an order referring the accounting to the same referee, the subsequent proceedings were had under that order of reference, and not under the original reference of the issues. Under the original reference of the issues the referee could have heard all the evidence upon the issues, and then proceeded to take the account, making a single report on the whole case, upon which a final decree might have been entered without application to the court. This was done in *Palmer* v. *Palmer*, 13 How. Pr. 363; but the court there say that it would be better practice to make a separate report, declaring the existence of the copartnership, and the liability to account. The referee in this case followed the regular practice in making his report upon the issue of copartnership before taking the account. "When the whole of the issues raised by the pleadings have been so referred, it has been recommended as the better course for the referee to hear and determine such issues in the first instance separately, and report thereon to the court. If these are determined in favor of the plaintiff, and his right to an accounting be thereby established, he may then move on the report for another order confirming the report, and referring the cause (usually to the same referee) to take and state the account between the parties." 2 Van Santv. Eq. Pr. (3d Ed.) 194. The same authority on the practice in such cases lays down the course of procedure on the accounting so ordered, and in the making and filing of the report thereon; by which it appears that the proceedings in respect thereto are to be had under rule 30, and that after the hearing of the exceptions, if any, a final judgment is to be entered embracing in effect the findings upon the issues, as well as adjudging the amounts or balances found due upon the accounting. Id. 210. This practice should have been followed in this case, and, not having been, the judgment must be set aside. The testimony of the witnesses must be filed with the report, and notice thereof given to the plaintiff, and the proceedings will then be had under rule 30. Motion granted, with $10 costs.