ELLEN C. OSBORN, Respondent, *v.* HOWARD J. M. CARDEZA et al., Appellants.

APPEAL — TAXATION OF COSTS AND INSERTION OF SPECIFIED AMOUNT IN INTERLOCUTORY JUDGMENT DOES NOT MAKE IT FINAL. A judgment entered upon the report of a referee directing a final accounting of the affairs of a dissolved corporation by the trustees thereof and for such sums as may be found due by them from the sale of goods to any one or more of themselves, and for sums improperly paid to them for services in the performance of their trust, and that the plaintiff have judgment with costs, is not final, but interlocutory; the fact that a provision was inserted in the judgment that the plaintiff recover the costs, which were taxed, and have execution therefor, does not make it final and reviewable by the Court of Appeals, since that procedure was irregular and should have been corrected not by appeal but by a motion to strike out.

*Osborn* v. *Cardeza*, 92 App. Div. 612, appeal dismissed.

(Argued December 2, 1904; decided December 16, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

May 4, 1904, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William G. Cooke* for appellants.

*William P. Pickett, Henry Escher, Jr.,* and *Lyttleton Fox* for respondent.

O'BRIEN, J.   This was an action in equity by the plaintiff as a stockholder of a business corporation against the defendants as directors. The judgment was entered upon the report of a referee to hear and determine the issues involved. The referee reported in favor of the plaintiff with respect to one or two of the questions at issue and the judgment was affirmed at the Appellate Division. The complaint alleged and the referee has found that before the commencement of the action the corporation had 'been dissolved under and in pursuance of the Stock Corporation Law; that the secretary of state issued to the directors a certificate of dissolution and that they filed a copy thereof in the office of the clerk of the county where the principal office of the company for the transaction of business was located; that upon such dissolution the defendant directors became trustees in dissolution for the purpose of winding up the affairs of the corporation and it became their duty to adjust and wind up its affairs, carry out its contracts, sell its assets at public or private sale and apply the proceeds in discharge of its debts and obligations; and after paying or providing for the payment thereof, to distribute the balance of its assets among the stockholders according to their respective rights and interests, and that as such trustees in dissolution they immediately took possession of all the assets of the corporation and have remained in possession thereof, except in so far as they sold or disposed of the same.

The complaint then proceeds at considerable length to charge the defendants with various irregularities, acts of misconduct and neglect of duty in the performance of the

trust. The referee, by his findings, has acquitted the defendants of nearly all these charges alleged against them, but made two findings upon which alone the judgment is based. It was found that the trustees made an arrangement between themselves for compensation to two of their number for services in the performance of the duty imposed upon them by the dissolution. One finding was that two of the trustees had received compensation, one of them $438.37 and the other $500, for services, which was held to be improper and was disallowed and directions were given for the payment of these sums into the general fund in the hands of the defendants. It was also found that the trustees or some of them trafficked between themselves with corporate assets, and that all net profits made by any of the trustees through the purchase of any stock of the estate must be accounted for and paid into the estate held by them. The direction for judgment was substantially that the prayer of the plaintiff for the enjoining and restraining of the defendants from proceeding or acting further in the dissolution of the corporation and for their removal and the appointment of a receiver should be denied, but that a final accounting of the affairs of the corporation must be had by the trustees and for such sums as may be found due by any trustee from the sale of the goods of the corporation to any one or more of themselves, and also for such sums improperly paid for services or salaries in the performance of the trust; that a final accounting must be had by the trustees in dissolution, and that on such accounting any sums consisting of net profits made by any one or more of them from the sale of the inventoried stock of goods must be repaid into the trust fund, with certain exceptions mentioned in the finding, and that the trustees who had received compensation or salaries for services must restore the sums so received to the trust fund. Also, that the trustees in dissolution must forthwith close up all outstanding matters in their hands and make full report thereof at such accounting, and that the plaintiff was entitled to judgment in accordance with these findings, with costs.

The plaintiff's attorney entered a judgment upon the report of the referee in conformity with these findings, except that the provision was inserted in the judgment that the plaintiff recover of the defendants the costs of this action, amounting to some $975.62, and that she have execution therefor. We think the judgment is not final, but interlocutory. The rights of the plaintiff and the liability of the defendants are settled by the report in a general way, but the specific sums of money that the defendants were held accountable for as net profits made in dealing with the assets have not yet been ascertained. It would seem to be necessary that a final accounting should first be had in order to determine that question, and that was the decision of the referee. It is obvious, therefore, that something yet remains to be done in order to determine the liability of the defendants. The judgment so far as it proceeded requires them to render a final accounting and authorizes an inquiry with respect to certain sums of money that they are required to restore to the trust fund, but the amount of which has not yet been ascertained.

It is said, however, that the judgment for costs is final and stamps the case with the character of a final judgment in the action. It will be seen that all the referee decided was that the plaintiff was entitled to costs and clearly that was a matter within his power and discretion, and there was no legal error in that respect in the decision. Nearly all interlocutory judgments are substantially final in many respects. That is to say, certain things are decided that must ultimately prevail upon the entry of the final judgment, so that the mere fact that in the referee's report some things are final and other things are merely interlocutory does not change the character of the judgment and make it final in the sense that this court has power to review it. It is true that the plaintiff's attorney had no right to enter judgment for costs upon the referee's report, but the taxation of costs and the insertion in the *postea* of the amount thereof was irregular before the final decision of the case. That was the work of the plaintiff's attorney and his proceeding subsequent

to the decision of the case is not here for review. The court is to review, not the irregularity of the judgment, but the decision of the referee, and so far as that decision deals with the question of costs it is obviously not the subject of review here. The remedy of the defendants' attorney for the improper insertion of the costs in the judgment and the direction for execution to issue was to move to correct the same and not by appeal.

It follows that the appeal should be dismissed, without costs.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Appeal dismissed.