(121 App. Div. 290)

TUTHILL v. DAVIS.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

WILLS—ESTATES CREATED—ABSOLUTE ESTATE IN PERSONALTY—REPUGNANT PROVISIONS.

Where a will gave testator's wife all his personal property, and then provided that whatever personal estate should remain at her death should go to certain persons, the wife did not take an absolute title, but took the use of the property during her life, with beneficial power of disposition, and remainder over to the persons named.

Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1388–1417.]

Appeal from Special Term, Kings County.

Action by Cynthia A. Tuthill, as administratrix of the estate of William Z. King, deceased, against Buell G. Davis, as executor of the will of Mary E. King, deceased. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Robert H. Wilson, for appellant.
Frederick H. Tasker, for respondent.

MILLER, J. The question presented by this appeal involves the construction and validity of the third clause of the will of William Z. King. The material portions of said will read as follows, viz.:

"First. I give and bequeath to my wife, Mary E. King, the house and lot where I now live during her lifetime, and at her decease I will that the said property shall, go to my sisters Eliza Tallman, Cynthia A. Tuthill, Emily M. Seaward and to Lilly Corwin, share and share alike. ⁂ ⁂ ⁂

"Third. I give and bequeath all my personal property of every name and kind to my wife, except my piano, which I give to Lilly Corwin aforesaid. Whatever personal estate may remain at the decease of my wife, I give and bequeath to Briel Davis and Abagail Davis, the parents of my wife or if they are not living, then to my sisters aforesaid and Lilly Corwin, share and share alike."

The widow has died. The learned court at Special Term held, upon the authority of Van Horne v. Campbell, 100 N. Y. 287, 3 N. E. 316, 771, 53 Am. Rep. 166, that the widow took an absolute title to the personal property under the third clause of the will and that the second paragraph thereof was void for repugnancy. That case decided that at common law an executory devise or bequest was void if the first taker was given the absolute power of disposition, but it did not determine that the rule had not been changed by the provison of the Revised Statutes re-enacted by section 47 of the real property law, which is applicable to limitations of future or contingent interests in personal property (section 2, Personal Property Law; chapter 417, p. 507, Laws of 1897). The case of Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950, decided that the rule of the common law as declared in Van Horne v. Campbell, supra, was changed by the Revised Statutes.

But, irrespective of the foregoing, we think that a fair construction of the will shows that the provision in question was valid, even under the rule of the common law, and that by the third clause of the will the testator intended to give his widow the use of his personal property for life, with the beneficial power of disposition, with remainder over to the persons named in the second paragraph of said clause. To be sure, standing alone, the language of the first paragraph of the third clause is sufficient to vest the absolute ownership; but it is identical with the language of the first clause of the will, in which he gave the wife the life use of the house and lot, except that the words "during her lifetime," found in the first clause, are omitted from the third, and it is evident that those words were omitted simply and solely because he desired to give the widow the beneficial power of disposition of the personal property. It is plain that this will was not drawn by one learned in the law; but the testator's intention is free from doubt. He intended to give his wife the use of both the real and personal property during her life, with the beneficial power of disposition of the latter, remainder over to the persons named. Crozier v. Bray, 120 N. Y. 366, 24 N. E. 712. We are unable to perceive that the circumstance that the provision disposing of the remainder was contained in a codicil in the case last cited distinguishes that case from the case at bar. That was simply a circumstance shedding light on the intention of the testator; whereas, in the case at bar, the entire context of the will enables us to perceive clearly an intention which we think lawful, both at common law and under the Revised Statutes.

The other question discussed by the respondent is not presented by the record now before us.

Judgment reversed, and new trial granted; costs to abide the final award of costs.

WOODWARD and JENKS, JJ., concur. HIRSCHBERG, P. J., and RICH, J., concur in result.