GEORGE W. SEAWARD, as Administrator with the Will Annexed of the Estate of WILLIAM Z. KING, Deceased, Appellant, v. BUELL G. DAVIS, as Executor of the Will of MARY E. KING, Deceased, Respondent.

Appeal — rights of appellant when interlocutory judgment is reviewed by Appellate Division on appeal from final judgment — will — construction and effect of bequest of personal property with gift over of remainder.

Upon an appeal to the Appellate Division from a final judgment, with notice of intention to review an interlocutory judgment, the appellant is entitled, if the interlocutory judgment is erroneous, to its reversal or

modification and to a reversal or modification of the final judgment founded upon it.

It is error for the Appellate Division, upon modifying an interlocutory decree, to reverse a final judgment without granting a new trial, unless the appellant is not entitled to relief on any state of facts.

An Appellate Division, by permitting an appeal in such case and certifying questions, cannot limit the right of the appellant to sustain the modification on any ground, or limit the power of the Court of Appeals to review the whole case.

Where a testator bequeathed his personal property to his wife, and then provided that " whatever personal estate may remain at the decease of my wife I give and bequeath " to designated legatees, the effect of such provision was to give the widow a life estate with the absolute power of disposition during her lifetime, with remainder over, of such part as she might not dispose of, to the persons named in the will.

The fact that the widow's estate was for life only does not charge the executor of her estate with the whole property she had received from her husband's estate, in the face of a statement by such executor that he could not find any part of that estate in his hands. The widow had the right to dispose of the property bequeathed to her, in her lifetime, and as to such property as she did dispose of, neither she nor her executor was bound to account to the remaindermen. If none of the husband's property remained at the time of the widow's death, or could be found at that time, the burden of proof rests upon the remaindermen to show that some part of the husband's estate passed to the executor of the widow's estate, or was in his possession.

*Seaward* v. *Davis,* 133 App. Div. 191, modified.

(Argued April 26, 1910; decided May 10, 1910.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 4, 1909, modifying an interlocutory judgment of Special Term in favor of plaintiff and reversing a final judgment entered thereon.

The nature of the action and the facts, so far as material, are stated in the opinion. The following questions were certified: " *First.* Did the trust upon which the defendant's testatrix received the personal property from her husband's estate attach in the first instance to the whole of said property immediately upon its receipt by her, subject to be terminated during her lifetime as to the whole or such portion thereof as she used for her own benefit?

" *Second.* Should the defendant be charged in the first instance in his account with the amount of personal property which it was proved was received by his testatrix from her husband's estate ?

" *Third.* Did proof of the amount of the personalty paid over and received by the defendant's testatrix under the will of her husband justify the direction of a final judgment for such amount against this defendant, after the interlocutory judgment and the proceedings subsequent thereto ? "

*Robert H. Wilson* for appellant. The principal of the legacy received by Mary E. King was the trust fund for which she was liable as trustee. (*Smith* v. *Van Ostrand,* 64 N. Y. 278 ; Chaplin on Express Trusts & Powers, 110 ; *Flanagan* v. *Flanagan,* 8 Abb. [N. C.] 413 ; *Matter of Cornell,* 170 N. Y. 423 ; *Woodward* v. *James,* 115 N. Y. 346 ; *Matter of James,* 146 N. Y. 78.)

*Frederick H. Tasker* for respondent. The court cannot assume that all the property left by Mary E. King was the property she received from her deceased husband. (*Stafford* v. *Brown,* 104 N. Y. 801.) The burden of proof was upon the plaintiff, and having failed to show that the money left by Mary King at the time of her death was any portion of the funds to which plaintiff claims a title, the court should refuse relief. (*N. Y. L. Ins. Co.* v. *Hamilton,* 102 N. Y. 771.)

CULLEN, Ch. J. In February, 1899, one William Z. King died, leaving a last will by which he bequeathed his personal property as follows :

*Third.* " I give and bequeath all my personal property of every name and kind to my wife, excepting my piano, which I give to Lilly Corwin aforesaid. Whatever personal estate may remain at the decease of my wife I give and bequeath to Briel Davis and Abagail Davis, the parents of my wife, or if they are not living, then to my sisters aforesaid and Lilly Corwin, share and share alike."

27

· The personal estate left by the deceased, as appears by the inventory filed by the widow, amounted to about $17,500, which the widow, in accordance with the decree of the surrogate, paid over to herself as absolute owner. No persons were made parties to the proceeding in which this decree was made. The widow, Mary E. King, died about June, 1905, leaving a will by which the defendant was appointed executor. Subsequently the plaintiff was appointed administrator with the will annexed of William Z. King, and brought this action to compel the defendant to account for the personal property which the said Mary E. King had received from the estate of her deceased husband. In the complaint it was alleged that the widow did not consume or dispose of in her lifetime any of such estate. The defendant answered, alleging that under the will of said William Z. King his widow became the absolute owner of the personal property bequeathed to her, and further stating that he had no knowledge of the disposition that the widow had made of the estate. After a trial at Special Term an interlocutory judgment was entered, by which it was decreed that the will of William Z. King gave the personal property to his wife for life with power to dispose of the principal for her own personal use; that the wife during her lifetime did not use all the principal of the personal property; that as to the unused portion the wife was trustee for the remaindermen; that the defendant should account to the plaintiff for the acts of the wife as trustee of the personal property; that in said account he should charge himself with the whole principal received by her, and directed a reference to take and state the account. In pursuance of this decree the defendant filed in the clerk's office an account in which he stated that he was unable to find any of the personal property of William Z. King, but did not therein charge himself with the principal sum received by his testatrix. Thereupon, on the application of the plaintiff, on the theory that the defendant had failed to comply with the interlocutory judgment because he did not charge himself with the principal sum received by his testatrix, final judgment was entered

against him for that sum. From this judgment he appealed to the Appellate Division, giving notice of intention to review the interlocutory judgment. The appellate court modified the interlocutory decree by striking therefrom the provision charging the defendant with the principal sum received by his testatrix, and reversed the final judgment, but did not order a new trial. It allowed an appeal to this court from so much of its judgment as modified the interlocutory decree of the Special Term and certified questions of law for our determination.

The practice of the Appellate Division was unauthorized. The defendant, by stating in his notice of appeal to that court that he intended to review the interlocutory judgment, brought that judgment before it, and if that judgment was erroneous for any reason, he was entitled to its reversal or modification, and to a reversal or modification of the final judgment which was founded on it. Had the Appellate Division affirmed both those judgments, the defendant would have had the right to review that action in this court, and he could then have assailed the judgment for any error. The Appellate Division, by permitting an appeal and certifying questions, could not limit the right of the defendant to sustain the modification on any ground, or limit the power of this court to review the whole case. It is only when an appeal is allowed under subdivision 2 of section 190 that questions should be certified to this court. In this case the plaintiff could appeal from the judgment of the Appellate Division as a matter of right and without leave from that court. There was a further error in the practice. The final judgment has been reversed and no new trial or accounting has been ordered. Unless the plaintiff could not be entitled to relief under any state of facts, which evidently was not the opinion of the Appellate Division, the order should have provided for a further hearing of the case.

On the merits, we are of opinion that the will of William K. King was properly construed by the Appellate Division on the first appeal in this case. (*Tuthill* v. *Davis*, 121 App. Div. 290.) That is to say, its effect was to give the widow a

life estate with the absolute power of disposition during her lifetime, with remainder over of such part as she might not dispose of to the persons named in the will. (*Terry* v. *Wiggins*, 47 N. Y. 512 ; *Crozier* v. *Bray*, 120 id. 366 ; *Leggett* v. *Firth*, 132 id. 7.) But the fact that the widow's estate was for life only did not authorize the Special Term to charge the defendant with the whole property she had received from her husband's estate in the face of his statement that he could not find any part of that estate in his hands. It is doubtless true that ordinarily a life tenant in possession of personal property is a trustee to preserve the principal for the remaindermen to whom it may pass on his death. In this case, however, the widow had the right to dispose of the property in her lifetime and as to such property as she did dispose of neither she nor her executor was bound to account to the remaindermen because they had no interest in it. If none of the husband's property remained at the time of the widow's death or could be found at that time, as stated by the defendant, it is evident that the widow had disposed of it. In *Leggett* v. *Firth* (*supra*), where there was a gift similar to that before us, of a life estate to the widow with a gift over on her death of the "remainder, if any," the court construed the gift as a gift of what might be left and it was held that a conveyance by the widow passed a good title in fee. In *Swarthout* v. *Ranier* (143 N. Y. 499) the gift to the wife was of a more limited character : " To have and to hold for her comfort and support al. of the above-named property if she needs the same during her natural lifetime, if she should outlive me," followed by a gift over. After the death of the widow the remaindermen sought to set aside a mortgage executed by her. This court held that presumptively the mortgage was executed by the wife in good faith for her support, and that if there were extrinsic facts showing that it was executed in bad faith to defraud the remaindermen, the burden was on the remaindermen to prove the extrinsic facts. The presumption should be the same in this case if the estate of the husband has disappeared. We are, therefore, of opinion that the bur

den rested on the plaintiff to show that some part of the husband's estate passed to the defendant or was in his possession, and the modification of the interlocutory judgment made by the Appellate Division was correct.

. It does not follow, however, that the plaintiff is not entitled under any state of facts to recover, or that he is necessarily precluded by the account filed by the defendant. On the accounting he may be able to show that the widow left a substantial estate. Almost the whole of the husband's estate was represented by government bonds·and a deposit in a savings bank. The bonds matured and were paid. It is possible that these moneys might be traced into property which the widow left at her decease. Even if it were not possible to so trace this fund, if the widow left securities or property which did not proceed from other sources a presumption might arise that they represented a part of the husband's estate. We do not decide this question, for the record does not show what estate the widow left nor its condition. It may be she left no property, or if she left property that it was insufficient to pay her debts. If the latter should be the case, it would be plain that she had expended all her husband's estate, and her creditors would be entitled to the appropriation of her own estate to the satisfaction of their debts without diminution by any claim on the part of the remaindermen under the husband's will. The rights of the parties cannot be determined without proof of all these matters. The plaintiff may be entitled to relief, but he has pursued an entirely too summary method of obtaining it.

The judgment of the Appellate Division should be modified by directing that the accounting under the interlocutory judgment, as modified, proceed, and in other respects affirmed, without costs in this court to either party.

GRAY, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur

Judgment accordingly.