SEAWARD v. DAVIS. . ·;    ·` ·

(Supreme Court, Appellate Division, Second Department.  January 26, 1912.)

APPEAL AND ERROR (§ 1195*)—LAW OF THE CASE—CONCLUSIVENESS.

An interlocutory judgment, construing a will and directing an accounting, affirmed by the Appellate Division, and modified and affirmed by the Court of Appeals, is the law of the case; and under Code Civ. Proc. §§ 1316, 1350, authorizing a review of an interlocutory judgment on appeal, when not already reviewed, etc., it cannot again be reviewed, and an accounting in accordance with the interlocutory judgment will not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

Appeal from Special Term, Kings County.    : ·.

Action by George W. Seaward, as administrator of William Z. King, deceased, against Buell G. Davis, executor of Mary E. King, deceased.  From a final judgment for plaintiff, defendant appeals. Affirmed.

See, also, 145 App. Div. 940, 130 N. Y. Supp. 1130.

Argued before JENKS, P. J., and WOODWARD, HIRSCHBERG, BURR, and RICH, JJ.

Frederick H. Tasker, for appellant.

Robert H. Wilson, for respondent.

WOODWARD, J.  This case, under the title of Tuthill v. Davis, was before this court (121 App. Div. 290, 105 N. Y. Supp. 672) for a construction of the will of one King, and again on appeal from a final judgment, bringing up the interlocutory judgment (Seaward v. Davis, 133 App. Div. 191, 117 N. Y. Supp. 468), where we modified the judgment by providing that it should not charge the defendant with an arbitrary sum of $17,268.50, "as if it was a remainder for which the testator or her successor must account."  The case went to the Court of Appeals (198 N. Y. 415, 91 N. E. 1107), where the judgment was modified, by directing that the accounting under the interlocutory judgment, as modified by this court, should proceed. The effect of these adjudications is to make conclusive the judgment of this court as to the proper construction of the will of William Z. King, who gave his personal property to his wife for life, with power to use the principal "for her own personal use," and that she held such personal property "as trustee for the remaindermen as to all that portion thereof which was not used by her during her lifetime for her own personal use," and that the defendant, as administrator, was liable to account for the acts of said wife as such trustee. The accounting has taken place, under the order of reference in the interlocutory judgment, and the learned referee to whom the matter was sent for adjustment has made his report, which report has been confirmed, and the defendant now appeals from the judgment as thus completed, which charges the defendant with the sum of $15,861.92 besides certain articles of jewelry purchased by Mrs. King out of the funds coming into her possession from her husband's estate.

We know of no rule of law by which the interlocutory judgment, which has been affirmed by this court and by the Court of Appeals, can be again reviewed. Sections 1316 and 1350, Code of Civil Procedure; Rich v. Manhattan R. Co., 150 N. Y. 542, 44 N. E. 1097. There being no questions to be determined as to the law of this case, the only matters to come under consideration are those arising under the proceedings had before the referee, who was directed by the interlocutory judgment to determine the amount of the estate of William Z. King which remained in the hands of his widow, and which had not been disposed of for her own personal use, at the time of her death. We have examined with care the financial statement prepared by the appellant, with a view to showing that the learned referee had erred in charging the defendant with the amount above mentioned; but it is very clear to us that counsel has overlooked the very important fact that the estate of William Z. King was so invested that it yielded an income of something over $700 per year, and that the estate left by Mrs. King appears to have been substantially the same as that which was left by her husband. It was shown that she had no other property and no other source of income, and we are of the opinion that the accounting is entirely in harmony with the suggestions made by the Court of Appeals, and that there is no reason for this court to interfere with the judgment as rendered. The question of the jurisdiction of this court has necessarily been passed upon in the former reviews, and will not now be considered.

The judgment appealed from should be affirmed, with costs; the so-called appeal from the interlocutory judgment being dismissed.

JENKS, P. J., and HIRSCHBERG and RICH, JJ., concur. BURR, J., not voting.