ELLEN C. OSBORN, Appellant, *v.* HOWARD J. M. CARDEZA et al., Respondents.

Costs — in actions in equity costs are in the discretion of the court — action for removal of trustees and for an accounting by them — allowance of costs, upon report of referee in such action, by interlocutory judgment affirmed by Appellate Division — upon subsequent appeal from final judgment in such accounting Appellate Division cannot strike out the costs allowed by the interlocutory judgment previously affirmed by Appellate Division.

1. Costs can only be awarded in pursuance of the provisions of some statute. In actions in equity costs rest in the sound discretion of the court, and are to be awarded or refused according to the justice of each particular case. (Code Civ. Pro. § 3230.)

2. In an action against defendants as trustees to obtain their removal and an accounting the referee reported that they should make a final accounting, and held that the plaintiff was entitled to costs in the interlocutory judgment to be entered thereon. From such judgment defendants appealed to the Appellate Division, where it was affirmed. Appeal therefrom was dismissed (*Osborn* v. *Cardeza*, 180 N. Y. 69). Thereafter the referee who was appointed to take and state the accounts stated the same, and reported that judgment should be entered in accordance therewith, "with costs," and the Special Term ordered final judgment thereon, in which it was adjudged that costs be paid by defendants in the sums therein named. The Appellate Division modified the judgment, holding that neither party should recover costs as against the other. *Held*, that the first hearing was a trial of the whole issues of fact under section 1022 of the Code of Civil Procedure, and it was within the power of the referee therein to allow costs. That this exercise of power was reviewed by the Appellate Division on the first appeal and affirmed, and that court could not on the appeal from the final judgment exercise its discretion by disallowing the costs awarded in the interlocutory judgment. (Code Civ. Pro. §§ 1301, 1316, 1336, 1350.)

3. The practice followed by the referee in not retaining the action for the purpose of taking and stating the account was regular, although he could have heard all the evidence upon the issues, as he did, and then proceeded to take the account, making a single report on the whole case upon which a final decree might have been entered without application to the court.

*Osborn* v. *Cardeza*, 144 App. Div. 904, modified.

(Argued January 28, 1913; decided April 15, 1913.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 7, 1911, modifying and affirming as modified a final judgment entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William P. Pickett* for appellant. In an equitable action costs are within the discretion of the trial court, and when the court has once exercised its discretion in awarding costs, it cannot afterward amend its decision and judgment by withholding them. (*Gennert* v. *Butterick Pub. Co.*, 133 App. Div. 86; *Kiernan* v. *Agricultural Ins. Co.*, 3 App. Div. 26; *Cluff* v. *Day*, 141 N. Y. 580.)

*William G. Cooke* for respondents. As a matter of law plaintiff was not entitled to costs. (*Bailey* v. *Rider*, 10 N. Y. 370; *Frost* v. *Koon*, 30 N. Y. 445; *Graham* v. *Read*, 57 N. Y. 681; *Truesdell* v. *Sarles*, 104 N. Y. 164; Code Civ. Pro. §§ 1781, 1782.) Under the Code the referee had no authority to determine the question of costs in connection with the interlocutory judgment. (Code Civ. Pro. §§ 3228–3230.)

Collin, J. The appeal presents the single question, did the Appellate Division have the power to modify the final judgment, which awarded to the plaintiff the costs of the action and an extra allowance, by providing that neither party to the action should recover the costs of the action as against the other.

The complaint contained allegations of fact which upheld and justified the prayer for relief that the defendants as trustees in liquidation of a corporation of which the plaintiff was a stockholder and which was in process of dissolution under section 57 of the Stock Corporation Law be restrained from further action and be removed

and that they account as such trustees. The answer substantially denied the allegations of the complaint and demanded that it be dismissed, with costs. A reference to hear and determine the action was made. The referee made a report containing findings of fact and the conclusions of law that the defendants as trustees should not be restrained or removed, but must forthwith close up all outstanding matters in their hands and make a final accounting " and that the plaintiff herein is entitled to judgment in accordance with the above, with costs." An interlocutory judgment following the decision of the referee was entered, and affirmed by the Appellate Division upon the appeal of the defendants. The defendants appealed to this court from this judgment of affirmance, and we dismissed the appeal upon the ground that the judgment was not final but interlocutory. (*Osborn* v. *Cardeza*, 180 N. Y. 69.) Subsequently, the defendants were ordered to file their account and thereafter a referee was appointed to take and state the accounts. The referee made a report to the Supreme Court in which he stated the accounts, and "that judgment should be entered in accordance with the above with costs." An extra allowance to the plaintiff of $500 was ordered. The Special Term ordered the final judgment. It recited the original reference to hear and determine the action, the report of the referee thereunder and the subsequent proceedings in the action, and contained the provision that the plaintiff recover of the defendants " the sum of $500 extra allowance, besides the sum of $1,718.26, the taxable costs of this action, making the total sum of $2,218.26, the sum to be paid to the said plaintiff or her attorney by them personally, and not from the fund hereby determined to be in their hands as trustees, and that the plaintiff have execution therefor." It contained directions as to the referee's and stenographer's fees, which need not here be stated. The defendants appealed from this final judgment to the

Appellate Division and the Appellate Division made the modification that neither party to the action should recover the costs of the action as against the other, and as thus modified affirmed it. The question presented is, as already stated, did the Appellate Division have the power to make this modification.

Costs can only be awarded in pursuance of the provisions of some statute. In this action in equity, the awarding of costs was discretionary. In actions in equity, costs rest in the sound discretion of the court, and are to be awarded or refused according to the justice of each particular case. The statute under which costs may be awarded in an equity case is section 3230 of the Code of Civil Procedure as follows:

"§ 3230. Except as prescribed in the last two sections, the court may, upon the rendering of a final judgment, in its discretion award costs to any party in such sum not exceeding the total amount authorized by statute as to the court shall seem just."

At the time of the reference to hear and determine the action, section 1022 of the Code of Civil Procedure contained the provision:

"The decision of the court or the report of a referee upon the trial of the whole issues of fact must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, * * *. In an action where the costs are in the discretion of the court the decision or report must award or deny costs, and if it awards costs it must designate the party to whom the costs to be taxed are awarded."

Therefore, if the execution of that reference was a "trial of the whole issues of fact," the report of the referee lawfully awarded the costs, and the interlocutory judgment rendered upon the report of the referee necessarily also awarded them.

Under the pleadings which fixed the issues of fact to be tried the trial by the referee to hear and determine the

action was a trial of the whole issues of fact within the meaning of section 1022. The accounting which the resulting judgment determined should be had was something left to be done to fix the extent or limit of the actual relief to which the determination of the issues entitled the plaintiff. The right to the accounting having been adjudged, the taking and stating of the account was not a part of the trial of the issues in the case. It was a proceeding essential to the final judgment which would fix the interests of the parties in the fund to be accounted for and the sum of the relief to be afforded the plaintiff. The practice followed by the referee in not retaining the action for the purpose of taking and stating the account was regular (*Zapp* v. *Miller,* 109 N. Y. 51), although he could have heard all the evidence upon the issues, as he did, and then proceeded to take the account, making a single report on the whole case upon which a final decree might have been entered without application to the court. (*Canton Brick Co.* v. *Howlett,* 169 N. Y. 293, 297; *Young* v. *Valentine,* 177 N. Y. 347; *Niebuhr* v. *Schreyer,* 22 Abb. N. C. 12.) In the last case the court, referring to 2 Van Santvoord's Eq. Pr. (3d ed.) 195, said: "When the whole of the issues raised by the pleadings have been so referred, it has been recommended as the better course for the referee to hear and determine such issues in the first instance separately, and report thereon to the court. If these are determined in favor of the plaintiff, and his right to an accounting be thereby established, he may then move on the report for another order confirming the report, and referring the cause (usually to the same referee) to take and state the account between the parties. The same authority on the practice in such cases lays down the course of procedure on the accounting so ordered, and in the making and filing of the report thereon; by which it appears that the proceedings in respect thereto are to be had under rule 30, and that after the hearing of the exceptions, if any, a final

judgment is to be entered embracing in effect the find-
ings upon the issues, as well as adjudging the amounts or
balances found due upon the accounting." (p. 19.)

Such was the practice followed in the present case.
This court considered the subject under discussion in dis-
missing the appeal from the judgment of the Appellate
Division affirming the judgment entered upon the report
of the referee to hear and determine the action. Judge
O'BRIEN writing for the court said (p. 72): "It is said,
however, that the judgment for costs is final and stamps
the case with the character of a final judgment in the
action. It will be seen that all the referee decided was
that the plaintiff was entitled to costs and clearly that
was a matter within his power and discretion, and there
was no legal error in that respect in the decision. Nearly
all interlocutory judgments are substantially final in
many respects. That is to say, certain things are decided
that must ultimately prevail upon the entry of the final
judgment, so that the mere fact that in the referee's
report some things are final and other things are merely
interlocutory does not change the character of the judg-
ment and make it final in the sense that this court has
power to review it." (See, also, *Foley* v. *Foley*, 15 App.
Div. 276.)

The referee to hear and determine lawfully exercised
the discretion of awarding the costs. It follows that the
Appellate Division upon the appeal from the interlocutory
judgment reviewed this exercise on the part of the referee
and affirmed it. Under the general rule the Special
Term in rendering the final judgment was obliged to fol-
low the Appellate Division, which could not have before
it again for review the interlocutory judgment it had
affirmed. (Code of Civ. Pro. sects. 1301, 1316, 1336, 1350;
*Bates* v. *Holbrook*, 89 App. Div. 548; *Brater* v. *Andrews*,
74 Hun, 640; *Seaward* v. *Davis*, 148 App. Div. 805.) It
would be manifestly an improper and disorderly pro-
cedure for the Appellate Division upon the appeal from

the final judgment to exercise a discretion which the Special Term in ordering the final judgment was barred from exercising.

What then is the effect of section 3230 in the present or a similar case? It gave the power to award costs. The exercise by the referee of his discretion in awarding costs upon the trial of the issues of fact under section 1022 was the exercise of discretion upon the rendering of the final judgment within the contemplation of section 3230. The final judgment rests upon and incorporates and adopts in effect the findings and conclusions of the referee upon the trial of the issues. Had the referee to hear and determine ordered judgment in favor of the defendants, dismissing the complaint, or had he proceeded to take and state the account, making a single report on the whole case, ordering the final judgment, he would, under section 1022, have awarded or refused costs in his discretion. In the case at bar there was equally a trial of the whole issues of fact by the referee.

Manifestly the costs awarded subsequent to the interlocutory judgment are on a different footing.

The judgment appealed from should be modified so as to leave the judgment of Special Term undisturbed as to costs incurred up to and including rendition of the interlocutory judgment and as so modified affirmed, without costs in this court to either party, and cause remitted to the Supreme Court to enter judgment on a taxation of costs in accordance with this decision.

CULLEN, Ch. J., GRAY, WERNER, CHASE, CUDDEBACK and MILLER, JJ., concur.

Judgment accordingly.