## SEAWARD v. TASKER.

(Supreme Court, Appellate Division, Fourth Department. November 24, 1915.)

APPEAL AND ERROR ⇌843—SCOPE OF REVIEW—MATTERS NOT NECESSARY TO DECISION.

The question of practice whether the judge can grant a nonsuit and dismiss the complaint upon the merits after directing verdict for the plaintiff will not be reviewed, where questions of fact were presented, which should have gone to the jury, so that direction of the verdict was error, in any event.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–3341; Dec. Dig. ⇌843.]

Appeal from Trial Term, Kings County.

Action by George W. Seaward, as administrator with the will annexed of William Z. King, deceased, against Frederick H. Tasker. From a judgment for the defendant (143 N. Y. Supp. 257) dismissing the complaint, and from an order denying a new trial and granting defendant's motion to set aside a directed verdict and dismissing the complaint upon the merits, the plaintiff appeals. Reversed, and new trial ordered.

See, also, 166 App. Div. 903, 151 N. Y. Supp. 1144.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Alton B. Parker, of New York City, for appellant.
Frederick H. Sanborn, of New York City, for respondent.

PER CURIAM. While the record and briefs are voluminous, the questions involved in this controversy are few and simple, as we view the case. We need not determine the question of practice, as to whether the trial judge had the right to grant the nonsuit and dismiss the complaint upon the merits, after he had directed a verdict for the plaintiff, because we have reached the conclusion that questions of fact are presented by the evidence which should have been submitted to the jury and require the granting of a new trial.

We are of the opinion that whatever of the property is covered by

the third clause of the will of William Z. King, remaining undisposed of by his widow for her personal use at the time of her death, did not become a part of her estate, but remained a part of the estate of William Z. King, and the legal title thereto is now in the plaintiff. That question, we think, is conclusively adjudicated by the Supreme Court and the Court of Appeals in the action against Davis. Tuthill, as Adm'r, v. Davis, as Ex'r, 121 App. Div. 290, 105 N. Y. Supp. 672; Seaward v. Davis, 133 App. Div. 191, 117 N. Y. Supp. 468, modified 198 N. Y. 415, 91 N. E. 1107; 148 App. Div. 805, 133 N. Y. Supp. 384.

The only comment we deem it necessary to make upon the question as to the qualifications of Mr. Justice Burr to sit and take part in the decisions of the Appellate Division in the Davis action is contained in the memorandum handed down herewith in Davis v. Seaward.

We are of the opinion that the directed verdict was properly set aside, because, as we view the evidence, questions of fact were presented which should have been passed upon by the jury, as to whether the moneys which the defendant received were in fact a part of the estate of said William Z. King, remaining unused by the widow at the time of her death, and whether the defendant knew or had information sufficient to put him upon inquiry at the time he received the money to charge him with knowledge of that fact.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.