In the Matter of the Application of MINTIE E. AMES and Others, for a Construction of the Will of MARITTA L. BRUNSON, Deceased.

Surrogate's Court, Chautauqua County, July 21, 1925.

**Wills — construction — testatrix after giving share of residue of estate to daughter, directed said share to be given to heirs of husband of testator in event said daughter died childless — said daughter took conditional estate subject to be defeated in event she died without children — happening of event entitles living heirs of testatrix's husband to said share.**

A clause in a will by which testatrix, after giving a share of the residue of her estate to her daughter, with a direction that said share be given to the heirs of testatrix's husband in the event said daughter died without children, should be construed as giving to said daughter a conditional estate, subject to be defeated by her dying childless; therefore, the living heirs of testatrix's husband are entitled to the daughter's share of said estate where she died childless after the death of the testatrix.

PROCEEDING for judicial construction of will.

*C. R. Crosby,* for Mintie E. Ames, ·Wright Brunson, Reginald Brunson and Oliver Brunson, petitioners.

*W. C. Price,* for Bert C. Strunk, administrator, etc., of Myrta Brunson Strunk.

*Herbert L. Hunt,* as special guardian for Walter Brunson.

*Clarence C. Pickard,* as special guardian for Nellie Brunson Dodge.

Rexford, S.:

The facts in the case are admitted.  The will in question was executed by the testatrix on or about the 27th day of September, 1906.  At the time of the execution of the will, Oliver Brunson, the husband of the testatrix, mentioned in the will, was dead.  The heirs at law and next of kin surviving Maritta L. Brunson, the testatrix, were Mintie E. Ames, a daughter, Myrta Brunson Strunk, a daughter, and four grandchildren, namely, Wright Brunson, Reginald Brunson, Oliver Brunson and Nellie Brunson.  Nellie Brunson is now married and her name is Nellie Brunson Dodge.  These grandchildren are the heirs of a deceased son.

The construction asked for is the construction of the 2d paragraph of the will of the testatrix, which reads as follows:

" *Second.* I give, devise and bequeath unto Mintie Brunson Ames my daughter two fifths (2/5) of all of my property real, personal or mixed, wherever situated or found at the time of my death and unto Myrta Brunson Strunk my daughter one half (1/2) of the remaining three fifths (3/5) of all the above described and mentioned property, and the remaining one half (1/2) of the three fifths (3/5) above mentioned, is to be divided equally, between Wright Brunson, Reginald Brunson, and Oliver Brunson sons of Charles F. Brunson, deceased, they being grandsons of mine.  I further direct that if my daughter Myrta Brunson Strunk should die childless her entire part of the above mentioned property revert to the living heirs of Oliver Brunson.  I further declare that should any of the above mentioned legatees adopt any children said children shall not have any of my property."

Myrta Brunson Strunk died childless, having in her possession at the time of her death the entire part of the estate which came to her under the will of her mother, Maritta L. Brunson.  The whole question in this case is whether the words " I further direct that if my daughter Myrta Brunson Strunk should die childless her entire part of the above mentioned property revert to the living heirs of Oliver Brunson " refer to the event of her death before that of the testatrix or to her death at any time, whether before or after the testatrix's death.  If the former is true, meaning the gift over to the heirs of Oliver Brunson was conditional merely, depending upon the contingency of the death of Myrta Brunson Strunk in the lifetime of the testatrix, and descended to prevent a lapse in the estate, then Myrta Brunson Strunk having survived

the testatrix, the contingency upon which the heirs of Oliver Brunson were to take was gone, and Myrta Brunson Strunk took her share absolutely.   If, on the other hand, the words refer to the death at any time before or after the death of the testatrix, then on the death of the testatrix, the heirs of Oliver Brunson took a conditioned interest under the will by way of an executory devise, which, on the death of Myrta Brunson Strunk childless, her share of the estate was to revert to the heirs of Oliver Brunson, thereby displacing and subverting a conditional interest before the time it vested in Myrta Brunson Strunk.

It is claimed by the husband of Myrta Brunson Strunk that the devise to Myrta Brunson Strunk was absolute.   This seems to me to be a wrong construction of the language of the will.   The language was, that if Myrta Brunson Strunk died childless, then her share in the estate was to revert to the heirs of Oliver Brunson, and, under the language of this will, meant at any time, either before or after the death of the testatrix.   This construction is evidenced in the last clause of the 2d paragraph of the testatrix's will, in which she says: " I further declare that should any of the above mentioned legatees adopt any children, said children shall not have any part of my property."

It is evident from this language that she intended her property should go to the heirs of Oliver Brunson, and no one else, and when Myrta Brunson Strunk died childless, then her share was to return to the heirs of Oliver Brunson.   The rule laid down by the courts, that such limitations put in the language of wills meant during the lifetime of the testatrix, only applies where the context of the will is slight and affords no indication of the intention other than that disclosed by words of an absolute gift following, or by gift in case of death, or of the death, without issue, or other specific events. The tendency of the courts is to lay hold of slight circumstances in wills to vary the construction and give an effect to language, according to its natural import.   It seems to this court that the language used by Maritta L. Brunson relative to Myrta Brunson Strunk's dying childless, meant childless at any time either before or after the testatrix's death, and that the gift over to the heirs of Oliver Brunson was absolute upon that event taking place, and that the heirs of Oliver Brunson should take the share of Myrta Brunson Strunk in the event that she died childless.   Similar constructions have been made by the courts of this State.   (*Seaward* v. *Davis*, 198 N. Y. 415; *Lawrence* v. *Calam*, 236 id. 168; *Brown* v. *Gardner*, 233 id. 261.)

This court reaches the conclusion that under the will of Maritta L. Brunson, Myrta Brunson Strunk took a conditional estate in the

property of Maritta L. Brunson, deceased, subject to be defeated by her dying childless. And that event happened, and her share of the estate of Maritta L. Brunson belongs to the living heirs of Oliver Brunson, deceased.

Order may enter accordingly.