Surrogate's Court, Montgomery County, January, 1926.          [Vol. 126

In the Matter of the Construction of the Last Will and Testament of JONAS S. SMITH, Deceased.

Surrogate's Court, Montgomery County, January 11, 1926.

**Wills — construction — will giving testator's real and personal property to wife " for the term of her natural life " construed as giving life estate — share remaining after her death goes to remaindermen.**

A will by which the testator, after giving all his real and personal property to his wife " for the term of her natural life to have the use, income and profits thereof,* * * for her own use and benefit," gave her full power to sell the same or any part thereof, should be construed as giving said widow a life estate in all his property remaining after the payment of his funeral expenses and debts, with the power of disposition during her life for her own use and benefit. Any share remaining unused and unexpended at her death passes to designated remaindermen.

PROCEEDING for the construction of a will.

*Edward R. Hall,* for Mary M. Kneeskern, administratrix, etc., of Maggie Kneeskern Smith, the deceased executrix named in the will of Jonas S. Smith, deceased.

*T. Cuthell Calderwood,* for Fred S. Lathers and others, as administrators with the will annexed of the estate of Jonas S. Smith, deceased.

*J. Keck,* special guardian for possible infant descendants of Harold J. Lathers.

SPONABLE, S.    This is a proceeding for the construction of the last will and testament of Jonas S. Smith, deceased, as an incident to the proceeding now pending in this court for the judicial settlement of the amended account filed by Mary M. Kneeskern, as administratrix of the estate of Maggie Kneeskern Smith, the deceased executrix of the said will of Jonas S. Smith.

The will in question bears date July 10, 1912, and was admitted to probate by the Surrogate's Court of the county of Montgomery on June 16, 1913.

The provisions of said will, which are asked to be construed in this proceeding, are as follows:

"*Second.* All my property, both real and personal which I may have or to which I may be entitled at the time of my death, I give, devise and bequeath to my beloved wife, MAGGIE KNEESKERN SMITH, for the term of her natural life to have the use, income and profits thereof, with the privilege to her to use any or all of my said property for her own use and benefit if to her it shall

seem best, giving unto her full power to sell the same or any part thereof.

"*Third.* If at the time of her death there shall remain any of my property, which has not been expended or used by my said wife at the time of her death, I give, devise and bequeath such property, if any, as follows:

" To St. Johnsville Cemetery Association the sum of Three Hundred Dollars, to be kept invested by them, the Trustees thereof, the interest therefrom to be used by the Trustees of said Cemetery for the purpose of keeping in repair and maintaining my cemetery lot known as the Smith Williams Cemetery Lot.

" To Fred S. Lathers, Harold J. Lathers and Lulu M. Lathers (Christy) in equal shares, whatever remainder there may be which has not been used by my said wife."

The petitioner contends that the property of Jonas S. Smith, under the terms and provisions of the above paragraphs of his will, vested absolutely in Maggie Kneeskern Smith, his wife, at the time of his death, and it is the contention of the contestants that the wife of decedent, Maggie Kneeskern Smith, took simply a life estate with power of disposition during her life of such portions of the principal as were reasonably necessary for her support and maintenance.

In construing a will the question is: What was the intention of the testator? That is to be ascertained through the language which he used in disposing of his property by his will.   In the construction of wills, more than any other instrument, the intention of the testator is to be regarded, and is to govern.   The courts, therefore, in giving effect to wills, have ever treated them with great indulgence, endeavoring, in all cases, to carry out the intention of the testator, so far as the same could be executed without violating the established rules of law.

"A gift to one followed by a gift to another of such part thereof as may remain at the decease of the first taker, can be enforced when the intention of the giver is clear and definite to limit the gift to the first taker to a life estate with power to dispose of the principal or any part thereof during his lifetime and to give to another such part of the principal as is not disposed of in the lifetime of the first taker.   (*Seaward* v. *Davis,* 198 N. Y. 415.)

" The gift over after a gift that is apparently absolute is sustained because it is ascertained that it was not the giver's intention to make an absolute gift, but one qualified and limited by the subsequent or other provisions of the will or instrument creating the gifts.   (*Leggett* v. *Firth,* 132 N. Y. 7.)   The common-law rule governing repugnant gifts has been changed by statute.   (Real

Property Law [Cons. Laws, ch. 50], sec. 57; Personal Property Law [Cons. Laws, ch. 41], sec. 11.) " (*Tillman* v. *Ogren*, 227 N. Y. 495, 502.)

It is contended on the part of the petitioner that the word " benefit " as used by the testator is inconsistent with a devise of a life estate, and that a gift to a person for his or her benefit means an absolute gift and excludes the idea of a qualified or limited use.

This contention might be well founded if it were not for the expression " for the term of her natural life," as it is used in this will, which can be construed in no other way except that it was the testator's intention to limit her use and benefit of all of his property during the term of her natural life and until her death and no longer. (*Shea* v. *Campbell*, 71 Misc. 222.)

It would seem also that it was the intention of the testator that his wife, Maggie Kneeskern Smith, could use any or all of the property of the decedent for her own use and benefit, with power to sell the same or any part thereof for such purpose if it would seem best to her so to do, and that she could do this without first exhausting her own funds if she had any; in other words, it was the clear intention of the testator from the language used, that his wife should use out of his estate as long as she lived, and not her own.

It is apparent that the testator intended to provide quite unreservedly for his wife in her lifetime, and it is also apparent that subject to the provisions made for his wife during her lifetime, the testator desired what should remain of his estate should pass as provided in the " third " paragraph of his will. So considered the provisions of the will harmonize, and each has full effect, and by so doing the rule is followed which requires a will to be so construed as to avoid, if possible, all repugnancy and give effect to all its language. There is no occasion here to depart from it.

Every will must stand by itself for the reason that the language used in one will is not exactly like the language used in another, and, therefore, the will of Jonas S. Smith is no exception, and as none of the authorities cited are precisely parallel to this case, I can see no reason for reciting the facts of each for the purpose of making a distinction between them and this case, yet many of the conclusions arrived at in *Tuthill* v. *Davis* (121 App. Div. 290); *Matter of Briggs* (101 Misc. 191; 180 App. Div. 752; mod., 223 N. Y. 677); *Matter of Ithaca Trust Co.* (220 id. 437) apply in determining the correct rule in the case to be decided here.

I must conclude and decide that from the language used by the testator in paragraphs " second " and " third " of his will, it was his intention that his widow, Maggie Kneeskern Smith, take a life estate in all of his property which remained after paying

his funeral expenses and debts, with power of disposition during her life for her own use and benefit, and that what remained thereof unused and unexpended at her death should pass as provided by the provisions of the " third " paragraph of his will to the remaindermen named.

Decreed accordingly.