GROSVENOR NICHOLAS, Plaintiff, *v.* FARMERS' LOAN AND TRUST COMPANY, as Executor, etc., of GEORGE S. NICHOLAS, Deceased, Defendant.

First Department, February 26, 1926.

**Prohibition — action for partnership accounting — referee was appointed to hear and determine all issues of law and fact — referee made accounting by defendant subject to amount due on counterclaim — referee had right to direct plaintiff to account — prohibition denied.**

In an action for a partnership accounting in which a referee who was appointed to hear and determine all of the issues of law and fact, received the accounting by the defendant but made it subject to any amount due the defendant on an accounting by the plaintiff in reference to a counterclaim, a prohibition order will not be granted, for the referee had jurisdiction to determine that the plaintiff should account.

Application by the plaintiff, Grosvenor Nicholas, for order of prohibition.

*Herbert T. Ketcham* [*Frank C. Laughlin* of counsel; *Joseph S. Frank* with him on the brief], for the plaintiff.

*William H. Button*, for the defendant.

Per Curiam. This action was brought for an accounting with respect to a copartnership business between the plaintiff and the defendant's testator, conducted under an agreement which the referee has found constituted a partnership at will and which was terminated by defendant's testator on the 21st day of February, 1916. Defendant pleads a counterclaim. On the 28th day of February, 1922, this court made the following order: " On reading and filing the annexed consent * * *, it is ordered that this cause and all issues of law and fact herein are hereby referred to * * *, counsellor at law, as sole referee to hear and determine."

The reference proceeded and the defendant was directed to account and did account, the said account being conditioned upon and made subject to whatever amounts might be found due from the plaintiff to defendant in respect to the counterclaim. The referee has now ordered an accounting by the plaintiff upon the counterclaim. He has also denied a request made by the plaintiff to make findings of fact upon which an interlocutory decree should be entered requiring the plaintiff to account in order that an appeal from such a decree might be taken, that the court might determine whether the accounting upon the counterclaim was properly ordered. Prohibition is an extraordinary remedy based upon want of jurisdiction or proceedings in excess of jurisdiction. The issuance of such an order in this case is not justified. The order of reference was of the broadest character. It referred " this cause and all the issues of law and fact herein."

In *Young* v. *Valentine* (177 N. Y. 347, 354) the court said: " The first exception upon which the defendant relies is to the refusal of the referee to make and enter an interlocutory judgment to the effect that the taking of an account was necessary before proceeding to take the account between the parties. The practice adopted by the referee was proper, is justified by the decisions of this court, and constituted no error."

And in *Osborn* v. *Cardeza* (208 N. Y. 131, 135) the court said: " The referee * * * could have heard all the evidence upon the issues, as he did, and then proceeded to take the account, making a single report on the whole case upon which a final decree might have been entered without application to the court."

We find neither failure of jurisdiction nor exercise of excess of jurisdiction in the referee in the case at bar and, therefore, the application for prohibition should be denied.

Present — CLARKE, P. J., DOWLING, MERRELL, FINCH and McAVOY, JJ.

Motion denied.