In the Matter of the Final Judicial Settlement of the Account of MARY M. KNEESKERN, as Administratrix, etc., of MAGGIE K. SMITH, Deceased, Executrix, etc., of JONAS S. SMITH, Deceased. FRED S. LATHERS and Another, as Administrators, etc., of JONAS S. SMITH, Deceased, and Another, Appellants; OLLIE KNEESKERN, Administratrix, etc., of MARY M. KNEESKERN, the Accounting Party, Deceased, Respondent.

Third Department, January 14, 1931.

*T. Cuthell Calderwood*, for the appellants.

*Edward R. Hall*, for the respondent.

PER CURIAM. The estate was devised and bequeathed to the widow " for the term of her natural life to have the use, income and profits thereof, with the privilege to her to use any or all of my said property for her own use and benefit if to her it shall seem best." Of the remainder, if there was any at the widow's decease, it was provided that the St. Johnsville Cemetery Association should have the sum of $300 for the care of a lot, and the balance was given to two nephews and a niece of the testator. The wife was named as executrix. This proceeding is to render a

final account in the estate in Surrogate's Court, after the death of the executrix.

The widow survived her husband about ten years. During that time she continued the business theretofore conducted by him, and was prudent and economical in her manner of living. She had some property of her own, the amount of which it is impossible to determine with accuracy. She kept few records or accounts and took few receipts for payments. Evidently the widow interpreted the will as giving her absolute title to the property, for she dealt with it as her own. She commingled the property of the estate with her own and was secretive about her affairs. After her death, in a proceeding in a Surrogate's Court, the will was construed to the effect that the widow took a life estate with power of disposition of such portion as she deemed best for her own use and benefit. (*Matter of Smith*, 126 Misc. 296.) At no time was there a complete inventory of her husband's estate. The accounting made after the death of the widow by those with slight knowledge of the property and expenditures, must necessarily be an approximation. It is likely that the assets of the estate were increased under her management and by some increment in value.

The surrogate found the total assets of the estate to be $11,369.34. The parties seem to accept this as correct. Certain items of expenditure allowed by the surrogate are contested. They represent chiefly estimates made of the expense of living, clothing, taxes and the like. They are set forth in No. 12 of the findings. It is apparent that these items were not appropriated from the principal by the widow in her lifetime. The income and profits were evidently sufficient to cover all her simple needs and pay taxes and upkeep on the property. We think all these items should be disallowed as not sustained by the proof except the items for nurse and other expenses during the last sickness of decedent, amounting to $80, and for eye glasses, $11. The account should, therefore, be surcharged with $7,832.84; and the finding is modified accordingly.

The diamonds purchased by the widow in 1914 were not an investment, but were articles of adornment; and the purchase thereof was justified under paragraph " second " of the will. They became the property of the widow.

We think there are no other questions of sufficient importance to merit discussion. Finding No. 12 is reversed except as to the two items indicated.

The decree in respect to such expenditures should be reversed on the law and the facts, with costs to appellant payable out of

the estate; and the matter remitted to the surrogate to resettle the decree in accordance with this opinion, and to adjust interest and allowance of costs and disbursements.

All concur.

Decree in respect to certain expenditures reversed on the law and the facts, with costs to the appellant payable out of the estate, and the matter remitted to the Surrogate's Court to resettle the decree in accordance with the opinion, and to adjust interest and allowance of costs and disbursements.

Finding of fact numbered 12 is reversed, except as to the items for nurse and other expenses during the last sickness of the decedent, amounting to eighty dollars, and for eye glasses eleven dollars.