In the Matter of the Final Judicial Settlement of the Account of MARY M. KNEESKERN, as Administratrix, etc., of MAGGIE K. SMITH, Deceased, Executrix, etc., of JONAS S. SMITH, Deceased.

OLLIE KNEESKERN, Executrix, etc., of MARY M. KNEESKERN, Deceased, Appellant; FRED S. LATHERS and Another, as Administrators, etc., of JONAS S. SMITH, Deceased, Respondents.

Third Department, December 30, 1931.

*Edward R. Hall*, for the appellant.

*T. Cuthell Calderwood*, for the respondents.

PER CURIAM. On a former appeal in this matter (*Matter of Smith*, 231 App. Div. 277), from a decree entered in the office of the surrogate of Montgomery county on the 14th day of January,

1929, the accounts of the appellant herein were surcharged with $7,832.84, and the matter remitted to the Surrogate's Court to resettle the decree in accordance with the opinion, and to adjust interest and allowance of costs and disbursements.

By said decree the surrogate had found a balance in the estate of $2,223.67. From this amount he directed the payment of commissions and allowances totaling the said balance and thus disposed of the same. The decision of this court established an additional sum to be distributed, being the said amount ordered surcharged. All matters of difference between the parties had been litigated; the facts had been submitted to the court and the decree of the surrogate, as modified by the decision of this court, constituted a final adjudication upon said facts thus precluding any further hearing or litigation relating to all matters up to the time of the entry of said decree. Nothing remained for the court below to do except to modify the decree in accordance with the decision of this court.

Upon the matter being remitted for such action, the parties evidently misapprehended the situation.

Without going into detail as to the steps taken, it appears by the decree now appealed from that the surrogate in effect has reconsidered the whole matter and has again adjudicated thereon notwithstanding the original decree still stands, except as modified by this court, and has entered a new decree involving a new determination as to facts already adjudicated, and substantially changing the original decree. This was not authorized.

By the decision of this court the original decree was directed to be amended only to the extent of surcharging the account with said sum of $7,832.84, with a further direction as to the adjustment of interest and allowances. This meant that interest was to be computed on said sum from January 14, 1929, the date of the entry of the original decree, which said sum, with said interest thereon, remains to be accounted for and ordered distributed in addition to the amounts directed by said original decree to be paid over as allowances with certain specific property ordered transferred. It should be made clear that the present accounting party is not personally liable therefor. The accounting here represents the liability of the estate of said Maggie K. Smith for assets coming into her hands as executrix from the estate of Jonas S. Smith, testator, and the accounting party here is liable therefor only in her representative capacity.

The decree here appealed from should be reversed upon the law and facts, the original decree should be modified as herein directed and as thus modified affirmed, with costs to the appellant

payable out of the estate, and the matter remitted to the surrogate to modify the original decree in accordance with and only as indicated by this opinion.

All concur.

Decree of June 15, 1931, reversed on the law and the facts. Original decree of January 14, 1929, modified by surcharging the accounts therein with the sum of $7,832.84, with interest thereon from the 14th day of January, 1929, with costs to the appellant payable out of the estate, and directing that the balance remaining of said sum of $7,832.84 be paid over by said accounting party to Fred S. Lathers and Lulu M. Lathers Ingersoll, as administrators with the will annexed of the estate of Jonas S. Smith, deceased. As thus modified said original decree of January 14, 1929, is affirmed. Matter remitted to the Surrogate's Court to modify the original decree in accordance with and only as indicated in the opinion.