### NEW YORK TRUST CO. v. THOMAS et al.

(Supreme Court, Appellate Division, First Department. February 17, 1911.)

1. WILLS (§ 440*)—CONSTRUCTION—INTENTION OF TESTATOR.
  The court in construing a will must, if possible, ascertain the intention of testator from the language of the will.

  [Ed. Note.—For other cases, see Wills, Cent. Dig. § 956; Dec. Dig. § 440.*]

2. WILLS (§ 524*)—CONSTRUCTION—ESTATES ACQUIRED.
  Testatrix gave two-thirds of her estate to her executor in trust to hold and pay the net income to her mother and sister for life, and declared that on their death the estate as the same might then be should go to the children of the sister "her then surviving." *Held*, that the children of the sister who survived her were alone entitled to share in the estate, and a child living at testatrix's death but dying before the death of the sister took no vested interest.

  [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1116–1127; Dec. Dig. § 524.*]

Appeal from Special Term, New York County.

Action by the New York Trust Company, as substituted trustee under the will of Helen Maria Weyman, deceased, against Cornelia Colton Thomas and others for the construction of the will of decedent and for an accounting. From a judgment construing the will and directing an accounting, certain of the defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles G. Wheeler, for appellant Eugenia H. Thomas.

Elmer G. Sammis, guardian ad litem.

John C. Thomson and Graham & l'Amoreaux (Ralph Polk Buell, of counsel), for respondents.

CLARKE, J.   Appeal from an interlocutory judgment construing a will and directing an accounting entered upon a decision of the Special Term, in an action brought by the substituted trustee under the trust created by the will of Helen Maria Weyman for its construction.

Mrs. Weyman made a will executed July 8, 1861, in which she gave and bequeathed to her husband one-third part in value of her whole estate and "all the remaining two-thirds of my estate I·give and bequeath to my executor hereinafter named (her husband) in trust however for the purposes and intents hereinafter set forth, to be held and possessed by him for and during the natural life of my mother Mary Ross Colton   *   *   *   and for and during the natural life of my sister Mary Rowena Thomas.   *   *   *"   Under the terms of the trust the net income was to be annually paid to Mrs. Colton during her life and thereafter to testatrix's sister, Mrs. Thomas, for and during the term of her natural life.   The will further provided:

"From and after the decease of my mother, Mary Ross Colton and Mary Rowena Thomas as aforesaid and the decease of each of them, I give and bequeath the said remaining two-thirds of my estate as the same may then be, to the children of my said sister Mary Rowena Thomas, her then surviving, share and share alike."

Mrs. Weyman died August 19, 1861, and her husband was duly appointed executor.   He subsequently died, and plaintiff was appointed substituted trustee.   Mrs. Colton, the mother, died February 2, 1872, and Mrs. Thomas, the second beneficiary for life, died February 10, 1909.   At the time of the death of the testatrix, the following children of her sister Mary Rowena Thomas were in being:   Cornelia Colton Thomas, a defendant herein; Lucy Phillips, a defendant herein; John Dover Thomas, the father of the infant defendants Thomas Hay Thomas and John Dover Thomas, 3d; Rowena Thomas; and Mary Burton.

The following children of Mary Rowena Thomas predeceased their mother:   Rowena Thomas, who died February 12, 1862, an infant aged four years; Mary Burton, who died in July, 1893, leaving no children and no will; John Dover Thomas, 2d, who died January 17, 1898, leaving two children, Thomas Hay Thomas and John Dover Thomas, 3d, who are infants of the age of 19 and 17, respectively.   The defendant Eugenia H. Thomas is the widow and administratrix of John Dover Thomas, 2d.

The Special Term decided that the defendants Cornelia Colton Thomas and Lucy Phillips, being the only children of Mary Rowena Thomas surviving on the 10th of February, 1909, the date of the death of the said Mary Rowena Thomas, were the only persons entitled under the terms of the will to participate in the distribution of the principal or capital of the said trust funds and property.   This estate consists entirely of personal property.   The administratrix of John Dover Thomas, 2d, and the special guardian of his two children

appeal; the claim being that the estate vested upon the death of the testatrix and that as John Dover Thomas, 2d, was then living, he became vested in a share of the estate which descended to his children. The administratrix claims in his right as the estate was entirely personal, and the children claim as his heirs and next of kin.

In all will cases the intent of the testatrix must be ascertained from the language of the will itself if possible. General rules are of little or no help. It is true that the general rule favors the vesting of estates. Courts have sometimes seemed to strain to prevent nonvesting. It is also true that the word "children" sometimes includes grandchildren; that words of time, "before," "then," "at," "after," are variously construed in attempting to ascertain the real meaning of the testator. It is accepted doctrine, however, that each will must be construed by itself, and that, as no two are precisely alike, previous decisions are not as controlling as in other titles of the law. But there is no room for construction when the meaning is plain. The words in controversy are:

"From and after the decease of my mother, Mary Ross Colton and Mary Rowena Thomas, * * * I give and bequeath the said remaining two-thirds of my estate as the same may then be, to the children of my said sister Mary Rowena Thomas, her then surviving, share and share alike."

There were at the death of the last life tenant children of Mary Rowena Thomas her then surviving. Testatrix, immediately before the words "her then surviving," made use of the phrase in describing the estate bequeathed, "as it shall then be," indicating that she had clearly in mind the condition of affairs both financial and family which should exist at the termination of the life tenancy. If she had said "to the children of my said sister," a different construction would have been required, and the language would have been construed as relating to the death of the testatrix. But it seems to me that with precision she has prevented such construction and indicated that it was her sister's children surviving at the death of Mrs. Thomas whom she had in mind.

In Robinson v. Martin, 138 App. Div. 310, 123 N. Y. Supp. 146, affirmed 200 N. Y. 159, 93 N. E. 488, this court and the Court of Appeals interpreted the words there used, "upon the death of my said son, I give, devise and bequeath the said share to my unmarried daughters in equal shares," as applying to the condition existing at the cessation of the life estate, and decided that the bequest was to the daughters who were then unmarried, excluding three other daughters who had been married prior to the falling in of the life estate. The words so construed are not as clear as in the will at bar, which divides the estate "as the same may then be" to "the children her then surviving."

The judgment should be affirmed, with costs and disbursements to the respondents. All concur.