## MORGAN et al. v. COLLINS.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

WILLS (§ 634*)—CONSTRUCTION—ESTATE GRANTED.

A testator devised property to his wife for life, "thereafter to my children * * * the issue of any deceased child to take the share the parent would have taken if living." *Held*, that as words of survivorship and gifts over on the death of a primary beneficiary are construed, unless a contrary intention appears, as relating to the death of the testator, the words of contingency in the will are merely substitutionary in case of the death of the first taker during the life of the testator, so

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the children took indefeasible vested remainders, and could, with the widow, convey a marketable title to the estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Submission of controversy between Thomas Morgan and others, plaintiffs, and Henry A. Collins, Jr., defendant.   Judgment for plaintiffs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Middleton S. Borland, of New York City, for plaintiffs.

Frank P. Nolan, of New York City, for defendant.

DOWLING, J.   This is a submission of a controversy upon an agreed statement of facts.   Defendant contracted to purchase from plaintiffs certain real estate in the city of New York, a one-fourth interest in which was formerly owned by William Rogers Morgan, and the question here involved is whether, under the provisions of his will, the plaintiffs can convey and give a good and marketable title in fee simple in the premises in question.   It is the contention of plaintiffs that testator's three children have a vested remainder absolute in the undivided one-third part of the testator's real estate devised by the third clause of his will, while defendant claims that the remainder so devised to said children, although vested, is subject to be divested by the death of any one or more of said children during the lifetime of testator's widow, leaving issue of such deceased child surviving.

William Rogers Morgan died July 25, 1911, leaving a last will and testament which was duly admitted to probate by the probate court of the city of Newport, state of Rhode Island (the place of his residence), on September 11, 1911, and which was duly exemplified and recorded as a will of real estate by the Surrogate's Court of the county of New York, October 6, 1911.   He left him surviving his widow, Elizabeth W. Morgan, and three children, Joanna A. Morgan, now Goadby), Dudley Selden Morgan, and Ethelinda A. W. Morgan, all of full age.   They have all joined in the contract for the sale of these premises.

The clause of testator's will directly involved in this controversy is the following:

"Third,—I give, devise and bequeath to my wife, Elizabeth Wetmore, one undivided third part of all my real property, not hereinbefore disposed of. To have and to hold the same for and during her natural life; and thereafter to my children, Joanna Adele Morgan, Dudley Selden Morgan and Ethelinda Augusta Williams Morgan, share and share alike, the issue of any deceased child to take the share the parent would have taken if living."

The residuary clause is as follows:

"Fifth: All the rest, residue and remainder of my property, real and personal and mixed, I give, devise and bequeath unto my children Joanna Adele Morgan, Dudley Selden Morgan and Ethelinda Augusta Williams Morgan share and share alike, the issue of any deceased child to take the share the parent would have taken if living."

The scheme of the will as becomes apparent upon a reading of the whole thereof was to dispose of his estate practically as it would pass in case of intestacy. He left his widow a life estate in Tudor Lodge at Newport and a life estate in his personal effects, together with a life estate in one-third of his realty, all these being in lieu of dower; the remainder, after the life estate, with the other two-thirds of the realty going directly to his children in equal shares, but in case of their death leaving issue the distribution to be per stirpes, and not per capita. Consideration of the entire will but confirms the view that the use of the words, "the issue of any deceased child to take the share the parent would have taken if living," in the third clause should be construed to refer, as does the similar provision in the fifth clause, to a possible death of one or more of the children during the lifetime of testator. They create only a substitutionary gift in the case of the death of the first taker during the life of testator. As was said in Matter of N. Y., L. & W. R. R. Co., 105 N. Y. 89, 11 N. E. 492, 59 Am. Rep. 478:

"It may be regarded as a settled rule of construction that where there is a devise to one person in fee, and, in case of his death to another, the contingency referred to is the death of the first named devisee, during the life time of the testator, and that, if such devisee survives the testator, he takes an absolute fee; that the words of contingency do not create a remainder over to take effect upon the death, at any time, of the first taker, nor an executory devise, but are merely substitutionary and used for the purpose of preventing a lapse in case the devisee first named should not be living at the time of the death of the testator. This construction is uniformly adopted, unless there is some language in the will indicative of a different intention on the part of the testator."

This construction is applicable with equal force to both the third and fifth clauses; the words of substitution being the same. It is obvious that under the fifth clause they could have reference only to the time of the testator's death, and there is nothing to indicate an intention to assign a different time for their operation in the third clause.

In Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008, where the devise was to daughters for life, "and from and after the decease of my said daughters Catherine Barry and Bridget Russell and each of them, I give and bequeath the said premises No. 356 Cherry Street to James Russell the son of my said daughter, Bridget Russell and upon the like events I give and bequeath the said premises No. 358 Cherry Street to James Barry and Ellen Barry the children of my son Michael Barry now deceased, to be divided equally between them and their heirs, share and share alike, the child or children of a deceased child taking the share which his, her or their parent would have taken if living," it was held that by the settled rules of construction the grandchildren, James Barry and Ellen Barry, who survived testator, took upon his death a vested remainder in fee in the premises in question, and that the provision for their issue was by way of substitution in case of the death of the parent during the life of the testator; that the words "from and after the decease of my said daughters" did not indicate an intention to postpone vesting; that the words,

"from and after," used in a gift of remainder, following a life estate, do not afford sufficient ground in themselves for adjudging that a remainder is contingent and not vested; and that the presumption is that a testator intends that his dispositions are to take effect in enjoyment or interest at the date of his death, and, unless the language of the will by fair construction makes his gifts contingent, they will be regarded as vested; for "words of survivorship and gifts over on the death of the primary beneficiary are construed, unless a contrary intention appears, as relating to the death of the testator." Similar rules were applied in Livingston v. Greene, 52 N. Y. 118; Embury v. Sheldon, 68 N. Y. 227; Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Trowbridge v. Coss, 126 App. Div. 679, 110 N. Y. Supp. 1108, affirmed 195 N. Y. 596, 89 N. E. 1114.

We are of opinion that under the provisions of the will the children of testator were given indefeasible vested remainders in his share of the premises in question, and that consequently the widow, who took the life estate, and the children, who took such remainder, are able to convey a marketable title to the undivided one-fourth of said premises of which the testator died seised.

Judgment is directed in favor of plaintiffs, without costs. All concur.