In the Matter of the Estate of Samuel Felt, Deceased. Hattie M. Felt, Appellant; The House of the Good Samaritan, Respondent.

Will — when gift of property to wife "to have and use during her lifetime" does not authorize her to dispose of principal — when executors vested with absolute power of sale.

1. A provision in a will, by which testator gave, devised and bequeathed to his wife all the rest, residue and remainder of his property "to have and use during her lifetime," does not authorize her to dispose of the principal during her lifetime or apply the same to her own use, where by subsequent provisions of his will bequests and devises made by testator were inconsistent with an intention on

his part to empower the life tenant to dispose of the prinicpal of the lite estate.

2. It was error for the surrogate to hold that a provision of the will giving the executors full power and authority to sell and convey any part or all of testator's real estate not specifically devised conferred but a naked power and under the will there was no direction to sell, that as all debts and legacies payable prior to the death of the widow had been paid and the personal property is ample to pay all others, the power given to the executors cannot be exercised without the consent of the remainderman. The scope and tenor of the will discloses that the testator intended to confer upon his executors an absolute power of sale, when such sale would reasonably be of equal benefit to the parties interested in the estate.

*Matter of Felt*, 203 App. Div. 874, modified.

(Argued February 26, 1923; decided April 17, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 4, 1922, which affirmed a decree of the Jefferson County Surrogate's Court construing the will of Samuel Felt, deceased.

*E. C. Emerson* for appellant. The testator by the 8th clause of his will intended to and did confer upon his wife a right in the nature of a substituted ownership of the residue of his estate with the right to possess, control, use, sell and dispose of any part of same and to apply the same to her own use as she saw fit during her lifetime, with a reversion of the same back to his estate at her death. (*Smith* v. *Bell*, 6 Pet. 68; *Chapin* v. *Marvin*, 12 Wend. 540; *Tilden* v. *Green*, 130 N. Y. 29; *Taggart* v. *Murray*, 53 N. Y. 233; *Goodwin* v. *Coddington*, 154 N. Y. 283; *Crosby* v. *Wendell*, 6 Paige, 548; *Parks* v. *Parks*, 9 Paige, 117; *Pond* v. *Bergh*, 10 Paige, 152; *Lytle* v. *Beveridge*, 58 N. Y. 598; *Phillips* v. *Davies*, 92 N. Y. 199.) The whole tenor of the will shows it was the intention of the testator that his wife should have the right to use the principal of the estate as well as the income. (*Hersee* v. *Simpson*, 154 N. Y. 496; *Connolly* v. *O'Brien*, 166 N. Y. 406; *Oakes* v. *Massey*, 94 App.

Div. 165; *Smith* v. *Dugan*, 145 App. Div. 878; *Floyd* v. *Carow*, 88 N. Y. 560; *Matter of Turner*, 208 N. Y. 261, 267; *Colton* v. *N. Y. El. Ry. Co.*, 151 N. Y. 266; *Tyrell* v. *City of N. Y.*, 159 N. Y. 239; *Ewing* v. *Burnett*, 11 Pet. 41; *Arcularious* v. *Sweet*, 25 Barb. 403.) The surrogate was in error in holding that the power of sale of real estate conferred upon his executors by testator had ceased and determined. (*Jennings* v. *Conboy*, 73 N. Y. 230; *Sweeney* v. *Warren*, 127 N. Y. 426; *Stimson* v. *Vrooman*, 99 N. Y. 79; *Greene* v. *Greene*, 125 N. Y. 511; *Weeks* v. *Frankel*, 197 N. Y. 304; *Leonard* v. *Amer. Bap. Home Miss. Society*, 35 Hun, 291; *Major* v. *Major*, 117 App. Div. 102; *Syracuse Savings Bank* v. *Holden*, 105 N. Y. 415; *House* v. *Raymond*, 3 Hun, 44.)

*Charles A. Phelps* for respondent. Hattie M. Felt acquired under the will only a life estate in the property of Samuel Felt, deceased. (*Matter of Skinner*, 81 App. Div. 449; 180 N. Y. 515; *Areson* v. *Areson*, 3 Den. 458; *Woodward* v. *James*, 115 N. Y. 346; *Matter of McClure*, 136 N. Y. 238; *Bumpus* v. *Bumpus*, 79 Hun, 526; *Matter of Cooney*, 112 App. Div. 659; *Matter of Arensburg*, 120 App. Div. 463; *Turco* v. *Trimboli*, 152 App. Div. 431; *Adams* v. *Massey*, 184 N. Y. 62; *Matter of Swan*, 60 Hun, 286; *Matter of Skinner*, 81 App. Div. 449; 180 N. Y. 515.) The executors have no power to sell real estate. (*Matter of Tatum*, 169 N. Y. 514; *Matter of Coolidge*, 85 App. Div. 295; 177 N. Y. 541; *Matter of Green*, 63 Misc. Rep. 638; *Sweeney* v. *Warren*, 127 N. Y. 426; *Sharpsteen* v. *Tillou*, 3 Cow. 651; *Rogers* v. *Rogers*, 111 N. Y. 228.)

HOGAN, J. Samuel Felt, the testator, died January 24, 1919, leaving a last will and testament executed April 11, 1917. The testator left him surviving, the appellant, Hattie M. Felt, his widow, one sister and one niece. The estate of the testator consisted of real and personal

property, the appraised value of the real estate being approximately one-half the value of the appraised value of the personalty.

By the provisions of his will, the testator after providing for the payment of his just debts and funeral expenses, by the second clause thereof made a specific bequest of $30,000 and a devise of the family residence, household furnishings, etc., to his wife, Hattie M. Felt, the appellant. In the third clause a specific bequest was made to the sister of testator. The fourth, fifth and seventh clauses provide bequests to faithful employees. By the sixth clause the testator created a trust in memory of his mother to be known as " The Pamelia Felt Endowment." The remaining clauses of the will, five in number, were the subject of construction by the surrogate of Jefferson county and from the decree entered upon his conclusions, affirmed by the Appellate Division, appeal has been taken to this court by Hattie M. Felt, the widow of the testator.

The following clauses of the will involved in a construction of the instrument I have deemed desirable to set forth in full:

" *Eighth.* All the rest, residue and remainder of my property, both real and personal, of every name and nature, I give, devise and bequeath to my wife to have and use during her life time.

" *Ninth.* Upon the death of my wife, I give and bequeath the sum of Five thousand ($5,000) Dollars to the House of the Good Samaritan, which is generally called in the city of Watertown, the City Hospital, for a room therein in remembrance of my mother, Pamelia Felt, together with the sum of Ten Thousand ($10,000) Dollars for a room therein in remembrance of my wife and myself.

" *Tenth.* Upon the death of my wife, I give and bequeath to my niece, Clara F. Nims, providing she is then living, the sum of Ten thousand ($10,000) Dollars.

" *Eleventh.* All the rest, residue and remainder of my property at the death of my wife, I give, devise and bequeath to The House of the Good Samaritan aforesaid. And if said rest, residue and remainder shall amount to Ten Thousand ($10,000) Dollars or more, it is my will that the income only, therefrom, be used for hospital purposes by the trustees of said institution and said fund shall be known as ' The Samuel Felt Fund.' But should said remainder not equal the sum of Ten Thousand ($10,000) Dollars, then it is my will that the trustees thereof shall have the right to use all of the corpus of said fund and property for the benefit of said hospital.

" *Lastly,* I make and appoint my wife, Hattie M. Felt, and my friend, Samuel Child, to be the executors of this my Last Will and Testament, hereby revoking all former wills by me made, and to my executors I give full power and authority to sell and convey any part or all of my real estate not hereinbefore specifically devised. And it is my request and will that the Samuel Felt Drug Company have the first privilege of buying the store now occupied by said Company of which said store and building I am the owner."

On behalf of appellant it is contended that by the eighth clause of the will the testator intended to and did confer upon his wife a right to possess, control, sell and dispose of any part of the residuary estate and apply the same to her own use during her lifetime, with a reversion of any balance remaining to the estate at the time of her death. The surrogate held that under the eighth clause of the will the appellant took only a life estate in the remainder of the testator's estate real and personal after payment of the bequests and devises contained in the previous clauses of the will.

In support of the construction urged by counsel for appellant, attention is called to facts appearing in the record as bearing upon the intention of the testator in substance as follows: The value of the estate as disclosed

by the appraisal of the same for the purpose of the inheritance tax was: Real estate, $54,000; personalty, $114,767.25; a total of $168,767.25; that the accumulation of the property by the testator was due to incessant labor, the exercise of prudence and sacrifice on his part in which the appellant unquestionably participated for a period of forty years and the fact that in the event of the decree of the surrogate being sustained the respondent will upon the death of the appellant become entitled to the real estate value of $54,000 and the balance of the personalty after payment of debts, funeral expenses and specific legacies under the earlier provisions of the will, of approximately $72,267.25, a total of the estate of $126,367.25, whereas the testator under the eleventh clause of his will had in mind that his estate at the time of the death of his wife might not amount to a sum in excess of $10,000, forbids a construction that the testator intended by the eighth clause of the will to reduce the portion of his estate to be enjoyed by his wife to a life estate, particularly in view of the character of the real estate, the expenses incident to maintenance of the same and the payment of taxes and charges thereon, which would result in a net income including income on the cash bequest therefrom of not to exceed about $2,500 per annum, which would be insufficient to maintain her in a manner in which she had been accustomed to dwell.

That the enumerated facts were within the knowledge of the testator when his will was prepared and desirous as he was to make suitable provision for his wife during her lifetime, he provided in the eighth clause of the will that she was " to have and use during her life time " the residuary estate thereby intending to confer upon her power to possess, use and dispose of the same. In support of the construction advanced by counsel for appellant decisions of the courts of this state and other jurisdictions were called to our attention. A review of

a sufficient number of the decisions of the courts of this state discloses a marked distinction between the wills there under construction and the will in the present case. In *Leggett* v. *Firth* (132 N. Y. 7), regarded by counsel as controlling in support of the construction advocated by him, a testator devised real estate to his wife for life, at her death the remainder *if any* to his children. We held that in that case that the language of the will clearly indicated that the children were not entitled to any estate in the property save only *if any* remained at the death of the wife; that by the express terms of the will the testator empowered his wife to dispose of the corpus of the estate during her lifetime. Like construction was also adopted where the language following the bequest or devise for life was " whatever remains " (*Seaward* v. *Davis*, 198 N. Y. 415); " Should there be any property left " (*Thomas* v. *Wolford*, 49 Hun, 145); " All that may remain and be left is to go to her daughter " (*Mitchell* v. *Van Allen*, 75 App. Div. 297); " The rest and residue then remaining " (*Matter of Skinner*, 81 App. Div. 449; affd., 180 N. Y. 515).

An adjudication that the life tenant in the instant case was entitled to dispose of the principal of the residuary estate during her lifetime would render possible a disposition of the entire principal and thereby defeat the intention of the testator as declared in remaining clauses of the will. By the ninth and tenth clauses of the will the testator provided that upon the death of his wife three bequests aggregating $25,000 should be paid. The legacies thus bequeathed became vested at the time of the death of the testator, payment of the same being postponed until the death of his wife. By the eleventh clause of the will he provided: " All the rest, residue and remainder of *my property* (adopting form employed in the eighth clause of the will) at the death of my wife, I give, devise and bequeath to the House of the Good Samaritan aforesaid."

The bequests and devise so made by the testator are inconsistent with an intention on his part to empower the life tenant to dispose of the principal of the life estate bequeathed to her under the eighth clause of the will. On the contrary, his act evidences an intention to make disposition of the principal of the fund which he gave to his wife " to have and use during her life time " in the eighth clause of the will, to become effective upon her death.

Following the bequest and devise to respondent in the eleventh clause of the will above quoted the testator provided in substance that in the event the residue shall amount to $10,000 or more "it is my will that the income be used for hospital purposes, and said fund shall be known as The Samuel Felt Fund. Should the remainder not equal $10,000, the corpus of the fund may be used for hospital purposes." The presence of this provision in the will was urged upon the argument as a circumstance tending to disclose that the testator had in mind that the life tenant might dispose of the principal of the estate to an extent to deplete the same to an amount less than $10,000 in value and thereby adds force to the claim made that she was authorized to enjoy and dispose of the principal during her lifetime. In support of such view counsel argued that the testator was aware of the nature and extent of his property and the value of his estate; that he was naturally desirous that his wife should be amply provided for during her remaining years, and with knowledge that his residuary estate would necessarily be large, the fact that he contemplated that it might be less than $10,000 indicates that his wife should be permitted to provide for her comfort from the principal of the residue.

Assuming, as we may, from the provisions of the will that the testator desired to make suitable provision for his wife during her remaining years, at the moment he dictated the eleventh clause of his will he was aware of the fact that he had earlier provided for his wife a specific

bequest of $30,000 as well as a devise of the family home, the furnishings, etc., connected therewith, the value of which was presumably known to him and that the provision made for her was not in lieu of dower in his additional real estate. At the time of the execution of the will, the testator was sixty-five years of age and childless. Presumably he was aware of the extent and nature of his property. While he did provide by direction the disposition of the residue if it should prove to be less than $10,000, he nevertheless contemplated that the residuary estate upon the death of his wife would be in excess of $10,000 after payment of the vested legacies to the amount of $25,000 therefrom.

That testator entertained an interest in the welfare of The House of the Good Samaritan, a hospital located in the city in which he had for many years been a resident and accumulated his property, is manifest from the provisions of his will. In so far as the language of the eleventh clause of the will relating to the purpose to which the residuary estate was to be devoted, the same is not a condition annexed to the gift and devise, but simply the expression of a desire or wish of the testator that his benefaction should be perpetuated in a becoming manner by respondent.

We are at variance with the decision of the surrogate affirmed by the Appellate Division, as to the power of the executors to sell the real estate. In the last clause of the will the testator appointed his wife and his friend, Samuel Child, executors of his will and gave them full power and authority to sell and convey any part or all of his real estate not specifically devised; then followed, " And it is my request and will that the Samuel Felt Drug Company have the first privilege of buying the store now occupied by said company of which store and building I am the owner."

The testator was and had been a druggist the greater part of his life. He organized the Samuel Felt Drug

Company and was a stockholder in the same. The real estate left by him was as stated appraised at $54,000. Included in such appraisal was certain property known as Empire Flats, a tenement building arranged for forty-eight apartments, appraised at $30,000, for which building he had sought a purchaser for some years prior to the execution of the will. The income therefrom was not large even when fully occupied. Other property he owned in common, and in addition aside from his store, a part of the realty consists of vacant lots. The surrogate held that the power of sale conferred was a naked power, and under the will there was no direction to sell; that as all debts and legacies payable prior to the death of the widow had been paid and the personal property is ample to pay all others, the power given to the executors cannot be exercised without the consent of the remainderman, though the provision of the will relating to a sale of the drug store property should be respected. The scope and tenor of the will discloses that the testator intended to confer upon his executors an absolute power of sale. He, above all other men, was aware of the value of his real estate, the income derivable from each piece other than the vacant property, the fixed charges in the nature of taxes, maintenance, etc., particularly of the tenement apartment building. The executors were chosen by him presumably because of his confidence in them. He clothed them with unqualified power of sale of his real estate and did not contemplate that the executors should continue to hold vacant property, pay the taxes thereon, or hold property which in their judgment a sale thereof and investment of the avails of the same would reasonably be of equal benefit to the parties interested in the estate.

Our review of the case has been confined to the conclusions of the surrogate. Matters discussed in the opinion not adjudicated in the decree have not been considered.

[235 N. Y. 384]      Statement of case.      [April,

The order of the Appellate Division and decree of the surrogate should be modified, by modifying the third provision of the decree so as to provide that the power of sale conferred upon the executors may be exercised by them whenever they deem it for the interest of the parties having rights in the real estate, and as so modified said order and decree should be affirmed, without costs to either party.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; McLAUGHLIN, J., absent.

Ordered accordingly.