In the Matter of the Estate of MARTIN E. HALVORDSON, Deceased.

Surrogate's Court, Bronx County, June 5, 1930.

*John F. Frees*, for the petitioner.

*Michael N. Delagi*, special guardian.

HENDERSON, S. In her petition for the probate of decedent's will the proponent also prays for a construction thereof. The propounded document was proved without objection. It is dated March 14, 1895.

The decedent left a very small estate and was survived by his widow whom he named as his sole executrix, three adult children, and four grandchildren who are infant children of his surviving children. No issue of any deceased child survived him. Under these circumstances, a construction at this time is proper. (*Matter of Dick*, 117 Misc. 637.)

The testator gave his estate after the payment of his debts and funeral expenses to his wife " so long as she shall live or shall remain my widow, and upon the death or remarriage of my said wife or in case my said wife should die before my death then and in that event I give, devise and bequeath the same to my children, share and share alike, the child or children of any deceased child to take the share his, her or their parent would have taken if living."

Counsel for the proponent and the special guardian agree that the widow receives a life estate subject to defeasance upon her remarriage, but differ as to the vesting of the remainder. The construction upon which the parties agree is correct. (*Matter of Felt*, 235 N. Y. 374; *Connelly* v. *O'Brien*, 166 id. 406, 409; *Stokes* v. *Weston*, 142 id. 433, 436; *Morgan* v. *Collins*, 152 App. Div. 158.)

Language similar to that used in this will, " upon the death or remarriage of my said wife * * * then and in that event I give, devise and bequeath the same to my children * * *," has frequently been construed to give a present vested remainder, the payment or enjoyment of which is postponed until the death or remarriage of the life tenant. (*Matter of Felt, supra; Connelly* v. *O'Brien, supra; Nelson* v. *Russell,* 135 N. Y. 137, 140; *Livingston* v. *Greene,* 52 id. 118, 123; *Morgan* v. *Collins, supra; Matter of Spitz,* 129 Misc. 78, 80.)

The will speaks as of the date of the testator's death unless there is something in the document itself to indicate a contrary intent. There is no such indication anywhere in this will and I construe the use of the words " any deceased child " as referring to the possible death of one or more of the testator's children during his lifetime. (*Stokes* v. *Weston, supra; Nelson* v. *Russell, supra; Matter of N. Y., L. & W. R. Co.,* 105 N. Y. 89, 92; *Embury* v. *Sheldon,* 68 id. 227, 233, 235; *Matter of Martin,* 225 App. Div. 502; *Morgan* v. *Collins, supra.*)

I, therefore, hold that at the death of the decedent all his estate vested indefeasibly in his three children who survived him, subject to the payment of his debts and his funeral and administration expenses, and to the use and enjoyment thereof by his widow until her death or remarriage.

Costs to the petitioner and an allowance to the special guardian.

Settle decision and decree accordingly.