## In the Matter of the Estate of SARAH K. CUSHMAN, Deceased.

Surrogate's Court, Chenango County, April ⸺, 1932.

*Ralph W. France*, for the executor.

*Hubert C. Stratton*, for Jennie Kenyon Allen.

*Minnie L. Seeley*, for Henry Kenyon, committee and special guardian for Minnie M. Kenyon, an incompetent person.

BROWN, S. In this proceeding for the judicial settlement of the accounts of Silas L. Baker, as executor of the estate of Sarah K. Cushman, deceased, a construction of the last will and testament of decedent is sought.

Sarah K. Cushman died March 4, 1931, and her last will and testament was admitted to probate in this court on April 28, 1931. The will provides for the payment of her debts, the taking of an inventory, the placing of markers at her grave, and a bequest of $200 to the Earlville Cemetery Association. The portions of the will material in the consideration of the questions involved are as follows:

" *Fifth.* I give and bequeath to my niece, Minnie M. Kenyon, who lives with me, the use of all my personal and real estate property after paying from the same the legacies already named, the use of it to be hers during her lifetime, she to have full control with

power to dispose of any or all of said property to the best of her knowledge.

" *Sixth*. At the death of said Minnie M. Kenyon I direct that five hundred dollars ($500.00) be given to the Grace Church of Earlville, N. Y. in trust as a Cushman fund, interest therefrom to be used for Grace Church expenses.

" *Seventh*. I direct that after the death of said Minnie M. Kenyon and the above mentioned five hundred dollars ($500.00) bequest is cared for all the rest and residue of my estate both real and personal be made the property of my sister, Jennie Kenyon Allen."

Following the seventh clause is the appointment of Minnie M. Kenyon and Silas L. Baker as executors, with power and authority to sell and convey, lease or mortgage real estate.

The will is dated October 28, 1930. Following the death of Mrs. Cushman, Minnie M. Kenyon was declared an incompetent person, and a committee of her person and estate appointed. Jennie Kenyon Allen, the sister of decedent, is living. It is the contention of Mrs. Allen that the will gave a life use of the property to Minnie M. Kenyon, with remainder over to Mrs. Allen. The attorney for Henry Kenyon, as committee and special guardian for Minnie M. Kenyon, takes the position that the fifth clause of the will gives Minnie M. Kenyon the income of the real and personal property during her lifetime, with the right to use the principal, and that the power of control and disposal confers a general beneficial power under section 136 of the Real Property Law.

In the fifth subdivision of the will the testatrix gives to Minnie M. Kenyon " the use of all my personal and real estate property after paying from the same the legacies already named, the use of it to be hers during her lifetime," etc. That it was the intention of the testatrix to give Miss Kenyon the use only of her property is shown in the direction that she have the " use " of the " real and personal property," and by further defining, in the same clause, the quantity of the estate to be enjoyed by her as the " use of it to be hers during her lifetime." She was not to have the property as her own, but the " use " only was " to be hers." If the portion of the fifth clause referred to stood alone, and was not followed by other directions, there could be no question as to the clear intent and purpose of the testatrix. The remainder of the clause, reading, " She to have full control with power to dispose of any or all of said property to the best of her knowledge," gives rise to whatever doubt exists as to the intention of the testatrix. It will be observed that nowhere in this clause, or in any other part

of the will of decedent, is there any provision that Minnie M. Kenyon shall have the right to use for herself any part of the principal of the estate. If any such right is presumed it must be implied from the words, " to have full control with power to dispose." Obviously the testatrix intended that during the lifetime of Minnie M. Kenyon, she was to have the full control of the management and handling of the property. The giving of the " power to dispose " was not coupled with authority to consume or appropriate to her own use the principal of the estate, or any part thereof. In the same clause testatrix had limited the interest or estate of Minnie M. Kenyon in the property to the use of the same during her lifetime. In this connection the testatrix must have had in mind that Minnie M. Kenyon would hold the property and have possession of and dominion over the same during her lifetime. She may well have anticipated that during the lifetime of Minnie M. Kenyon it might become advisable, and in fact necessary, to change the character of the investments, or otherwise dispose of the same, for the purpose of conserving the estate, or for the benefit thereof, and with this in view, she gave to her the power to dispose of the same, not, however, for the purpose of appropriation, but rather for convenience and to facilitate the management of the property.

That it was the purpose of the decedent to give to her niece a life use only in the property is further indicated by the provisions following the fifth clause of the will. Upon the death of Minnie M. Kenyon, she directed that $500 be given to Grace Church of Earlville, in trust, " as a Cushman fund." She followed this with a direction that all of the rest, residue and remainder of the estate, after the payment of the $500 bequest, should become the property of her sister, Jennie Kenyon Allen.

To hold that it was the intention of the testatrix to give Minnie M. Kenyon any greater estate than a life use of the property, will be to nullify the provisions of the sixth and seventh clauses of the will. If Minnie M. Kenyon were given the right, under the will, to consume the principal of the estate, it is quite possible that at her death there would not be sufficient remaining to pay to Grace Church of Earlville, N. Y., its legacy of $500, and no rest, residue or remainder left to pass to the sister. The gift of $500 to Grace Church of Earlville was an absolute gift. It was not dependent upon a surplus remaining at the death of Minnie M. Kenyon. The bequest of all of the rest, residue and remainder, after the payment of the $500 legacy, to the sister of the testatrix was not made subject to any right of Minnie M. Kenyon to appropriate or use any part of the fund over which she had control.

The intention of the testatrix must prevail, and in finding that intention we must consider each part of the will and scan the whole context in arriving at the meaning of any portion. (*Matter of Lally*, 136 App. Div. 781, 787; *Wetmore* v. *Parker*, 52 N. Y. 450, 462; *Eidt* v. *Eidt*, 203 id. 325, 328; *New York Trust Company* v. *Thomas*, 142 App. Div. 689.)

To my mind this will does not fall within that class of cases where it has been held that a general beneficial power was effected under the wording of the will.

In *Seaward* v. *Davis* (133 App. Div. 191) the will under consideration gave all of the personal property, except the piano, to Mrs. King, the wife, with a further provision that whatever personal property remained at the wife's death should pass to others. In that case it is noted there was an absolute gift of the property, and not a life use as in the instant case.

In *Matter of Davies* (242 N. Y. 196, 200) the question of the right of creditors under section 149 of the Real Property Law was involved.

In *Jennings* v. *Conboy* (73 N. Y. 230, 235) there was no remainder over in the will under consideration. In that case power and authority and control to sell was given, with the right of the legatee to receive the rent, and that case held that a devise of rent of land was a devise of the land.

In *Farmers' Loan & Trust Co.* v. *Kip* (192 N. Y. 266, 277) the opinion discussed the question whether a valid trust created a power to will.

In *Matter of Moehring* (154 N. Y. 423) the will gave to the legatee, for life, the residue of the estate, with power to dispose of it at her death as she saw fit. No remainder was limited on the property.

In giving effect to all parts of the will, we are bound to apply such interpretation as will give effect to the seventh clause of the will, which disposes of the residue of the estate, "And the residuary estate consists of all that has not been legally disposed of by the will itself, other than by the residuary clause." (*Matter of Hoffman*, 140 App. Div. 130; *Morton* v. *Woodbury*, 153 N. Y. 243, 257.) The provision of the seventh clause of the will negatives the suggestion that by the fourth clause thereof testatrix intended that Minnie M. Kenyon would be entitled to the principal of the estate, and she was given no power to dispose of the same by will or in a testamentary manner. (*Peck* v. *Smith*, 183 App. Div. 336.) Such an interpretation of the will as would entitle the life beneficiary to dispose of the principal of the estate during her lifetime would make it possible for her to dispose of the entire principal, and thereby defeat the intention of the testatrix, as the same is shown in the seventh clause of the will. (*Matter of Felt*, 235 N. Y. 374.)

This case is distinguishable from that class of cases where the will makes an absolute gift of property, and in a subsequent clause provides for a remainder over, in the event any portion of the estate is unused or undisposed of at the death of the first taker, such as *Matter of Cager* (111 N. Y. 343); *Leggett* v. *Firth* (132 id. 7); *Seaward* v. *Davis* (*supra*); *Matter of Raynor* (254 N. Y. 516). In the recent case of *Matter of Nugent* (142 Misc. 594) it will be noted that the decedent bequeathed " All the rest, residue and remainder of my estate * * * to my wife Carrie C. Nugent, to be hers absolutely for all purposes, with full power to sell any real estate of which I may die seized." Here was a gift absolutely for all purposes, coupled with power to sell real estate. In the subsequent clause the testator did not attempt to dispose of the remainder of his estate, as in the instant case, but provided for the disposition of " all the rest, residue and remainder of my estate then left." The words " then left " clearly indicate that the testator had in mind that the wife would be entitled to use the entire estate, if she so desired. In the present case there is no such inference to be gathered from the will, as the entire residue of the estate is disposed of, and not such part as may be left at the death of Minnie M. Kenyon.

By reason of the incompetency of the life beneficiary, the power to dispose of the property cannot be executed.

The remainder over to the sister is not contingent in the sense that she is to receive what may remain at the death of the niece. (*Vincent* v. *Rix*, 248 N. Y. 76; *Matter of Felt*, 235 id. 374, 380; *Terry* v. *Rector, etc., of St. Stephen's Church*, 79 App. Div. 527; *Matter of Ithaca Trust Co.*, 220 N. Y. 437; *Kent* v. *Fisk*, 151 App. Div. 279.)

I reach the conclusion that a life estate is given to Minnie M. Kenyon, with remainder over of the whole estate to Jennie Kenyon Allen. A decree may be entered accordingly.