In the Matter of the Estate of Eva N. Bickerton, Deceased.

Surrogate's Court, New York County, November 21, 1932.

*Cyrus M. Lerner*, for petitioner Franklin M. Gunther.

*Frank Delaney*, for legatee, Nellie Garretson Gunther.

*Sidney R. Fleisher*, for the administrator.

Foley, S. The holographic will of the testatrix, while inartificially drawn, nevertheless clearly indicates her intention as to the distribution she desired to make of her estate. The dispositive provisions of her will read as follows:

" Should my dear husband survive me I desire him to have and to hold during his life time all my worldly possessions, which includes all moneys in banks, stock bonds, household furnishings, bric-a-brac and silver — At his death, the interest of $6,000. I wish his sister Kate B. Jaques to have during her life — At her death the principal

is to go to my dear boy — Franklyn Mott Gunther, $5,000 to my niece Nellie Garretson Gunther. My former maid Bessie Thompson and my cook Emily Wright, each $1,000 for faithful and loyal service — $1,000 to be put in trust for the care of plot in Elmwood Cemetery in New Brunswick — New Jersey — My namesake Eva Naomi Burrowes $1,000 to be held in trust for her until she is 21 years of age — The residue of my Estate I will and bequeath to my dear boy — Franklyn Mott Gunther, also the choice of my household furnishings or silver he may desire, except the followings — To my namesake — Eva N. Burrowes my piano — my flat silver from the Gorham Co. (marked E. N. B.). My clothing to be divided between my cousin Viola Wyckoff Burrowes — and my friend Elizabeth Ellis Bowne — " I hold that by the use of the words " to have and to hold during his life time all my worldly possessions * * * " she bequeathed to her husband a legal life estate in all her property. Such bequest, however, did not carry with it the power to invade or dispose of the principal for his own use. It simply gave him the income thereof during his lifetime. (*Matter of Felt*, 235 N. Y. 374; *Matter of McDougall*, 141 id. 21; *Matter of Limburger*, 128 Misc. 577; *Matter of Feeney*, 123 id. 78; *Matter of Crofts*, 122 id. 182; *Matter of Recke*, 112 id. 673.)

The subsequent provisions in the will are inconsistent with the construction advanced by the petitioner, that the testatrix's husband had the power of disposition over the principal of the life estate. The bequest to her husband is followed immediately by provisions disposing of her estate after his death to others. Until his death the principal of her estate was to be held intact. The representative of his estate is, therefore, entitled to all of the income earned by the fund during his lifetime, and also to the securities purchased by him out of the income. I hold further that the bequests to the various persons named in the will, including the bequest of $5,000 to Nellie Garretson Gunther, were vested legacies with payment postponed, however, until the death of the life tenant. They became payable out of the fund only upon the termination of the life estate. Interest will, therefore, be allowed upon the legacy to Nellie Garretson Gunther from the date of death of the life tenant, at the average rate of income earned by the fund. To hold that this legacy was payable at the death of the testatrix, as urged by the legatee, is also inconsistent with the gift by the testatrix to her husband during his lifetime of her entire estate. The fact that the life tenant paid some of these legacies before his death does not affect the provisions of the will which deferred their payment until his death. They were merely voluntary payments by him and not in accordance with the terms of the will. Proceed accordingly.