In the Matter of the Estate of DOMINICK MARSULLO, Deceased.

Surrogate's Court, New York County, May 27, 1936.

*Bernard D. Barnett,* for the petitioner.

*McNamara & Seymour* [*Charles Green Smith* of counsel], for the executor, Empire Trust Company.

*Miller, Bretzfelder & Boardman* [*Bertram Boardman* of counsel], for the respondents.

*Joseph H. Broderick,* special guardian.

*Langsam & Langsam,* for Theodore Fischer.

*Alfred K. Blank,* for Mary D. Marsullo, widow.

FOLEY, S. This is an application (1) to vacate a decree, dated May 27, 1927, construing the will of the testator, and (2) to vacate a subsequent decree, dated December 11, 1928, settling the final account of the executors. The application is based upon a claim of fraud alleged to have been exercised by the attorney for the estate, in the procurement from the petitioner, a son of the testator, of his signature to a consent to the making and entry of the decree in the construction proceeding. It is evident from the petition that the petitioner is of the belief that a substantiation of his charge of fraud would ultimately result in a direction for a distribution of the assets of the estate different from that heretofore adjudged and directed to be made by the decrees of this court in the construction and accounting proceedings, and that the petitioner, as a son of the testator, would be entitled to participate in such different distribution. I hold, however, that even if such fraud were established, it would not in any way benefit the petitioner, because the construction of the will made in 1927 by my former colleague, Surrogate O'BRIEN, was unquestionably correct. Regardless of the consents of the children of the testator, the construction then made by the surrogate, that the bequest of the residuary estate to the widow was absolute, is supported by the language of the will and by the pertinent authorities.

The gift to the widow of the testator was contained in paragraph second of the will. It reads as follows:

" I give and bequeath unto my said wife, Mary D. Marsullo, all of the rest, residue and remainder of my property, real, personal and mixed, of every name and nature and wheresoever the same may be situated, owned or possessed by me at the time of my death, or in or to which I may then have any interest, for her own use, benefit and behoof for and during her natural life."

The language of this paragraph presented the question as to whether the widow received an absolute gift of the residuary estate or only a life estate with intestacy as to the remainder. In my opinion, the words used imported an absolute gift and did not limit

or restrict the widow in the use of the property in any way, since no disposition of the remainder upon the death of his widow was made by the testator under any other provision of his will. It has been frequently held under similar language that the legatee took an absolute bequest. (*Dearden* v. *Bluhdorn*, 220 N. Y. 739, affg. 166 App. Div. 904; *Ryder* v. *Lott*, 123 id. 685; affd., 199 N. Y. 543; *Matter of Moehring*, 154 id. 423; *Matter of Enright*, 109 Misc. 337; *Matter of Lynn*, 34 id. 681.)

In paragraph sixth of the will the testator again confirmed the absolute gift to the widow in the following language:

" I have, by the ' second ' paragraph of this, my Last Will and Testament, devised and bequeathed to my wife, Mary D. Marsullo, all of my property, and it is understood between us that upon her death she will bequeath and devise all of said property, or so much thereof as may remain at the time of her death, to my said five children and step-children above named, share and share alike."

This provision is almost identical with the language contained in *Tillman* v. *Ogren* (227 N. Y. 495). There, the testatrix bequeathed to her husband " all of the rest and remainder of my estate both real and personal to have and to hold the same to him, his heirs and assigns forever, with the understanding that at the decease of the said Lars Erickson all of the estate which he shall derive under this will which shall then remain by him undisposed of he shall give and turn over to my sister, Amanda Tillman." The Court of Appeals in sustaining the bequest as an absolute gift to the husband of the testatrix there, said:

" Where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which must be regarded as imperative. (*Clay* v. *Wood*, 153 N. Y. 134; *Matter of Gardner*, 140 N. Y. 122; *Rosenboom* v. *Rosenboom*, 81 N. Y. 356; *Post* v. *Moore*, 181 N. Y. 15.)

" The gift to Lars Erickson in this case was absolute. There is no gift therein to Amanda Tillman. Neither is there such clear and certain statement of intention shown by the will as to make Lars Erickson through the acceptance of the devise and bequest to him obligated as by contract to give any undisposed of part of the rest and residue of Anna C. Erickson's property to Amanda Tillman, nor to make such contractual obligation a specific charge upon the gift to Lars Erickson."

I can see no distinction between the use of the words " it is understood between us " in the present will, and the words, " with the understanding," contained in the will in *Tillman* v. *Ogren* (*supra*).

The meaning and effect of each expression is exactly the same. The provision here involved did not cut down or qualify the prior absolute gift to the widow.

The decree of May 27, 1927, construing the will of the testator, settled the law of this estate. No appeal was taken therefrom by any of the parties thereto. Subsequently, under the decree of this court, dated December 11, 1928, the executors of the estate made a complete and final distribution of the assets and property left by the decedent and were discharged. No appeal was taken from that decree. Now, after a lapse of nearly nine years, and apparently because he was not named as a beneficiary under the will of the testator's widow who recently died, this belated and meritless application is made by the petitioner, a disappointed legatee.

In view of my conclusion, it is, therefore, unnecessary to consider or try the charge of fraud.

The application is denied as a matter of law.

Submit decree on notice denying the application accordingly.