Maximilian Moss, S.
A construction of testator’s will is required in connection with this voluntary accounting by the fiduciary of the deceased executrix. The executrix was the testator’s "widow and the legal life tenant of his residuary estate. The testator’s will was executed on May 24, 1899 and he died on December 12, 1909. His widow continued as sole executrix until her death on January 4,1937, at the age of 90 years.
Under article Third of the will testator gave to his wife a legal life estate in his residuary estate or until her remarriage, upon condition that it be accepted in lieu of her dower rights and in discharge of all claims she may have against his estate. Article Fourth provided that upon the wife’s death, unmarried, all realty should be sold “ and the proceeds thereof together with the unexpended balance of my personal estate ” should be divided into two equal parts, one of which parts was to be paid to testator’s next of kin and the other part to his wife’s next of kin. The testator died possessed of personalty only. The court construes those provisions as granting the wife the use of both income and principal during her life (Seaward v. Davis, 193 N. Y. 415; Matter of Sievert, 246 App. Div. 457) with the remainder, if any, to the next of kin of the testator and his wife.
On or about August 24, 1931, the wife received a legacy in the sum of approximately $26,000 from her brother’s estate, and at her death her gross estate amounted to approximately $31,000. The account herein shows that at the wife’s death, she had used all of the principal of this estate which amounted to approximately $20,000 according to the February 20,1915 intermediate accounting decree of this court. The petition herein alleges that while the wife died possessed of property, none of *463 said property had its source in this estate, and that it consisted of the brother’s legacy and increases thereon; that subsequent to the said decree and until her death, the wife was ill and infirm and under the constant or frequent care of physicians, nurses and personal attendants. Those allegations have not been controverted but were they controverted it would be incumbent upon the remaindermen to show that some part of the testator’s estate was in the wife’s possession at her death (Seaward v. Davis, supra, Matter of Pfeiffer, 163 Misc. 615).
The said decree of February 20, 1915 settling the account, recited in part as follows: ‘‘ And the Surrogate having directed that in lieu of security by said Executrix as life tenant that she execute declarations on the mortgage and real estate described in the account and such declarations having been duly recorded in the Register’s Office of New York County ” and directed that the principal of the estate “ be retained, disposed or converted by the said Executrix in accordance with the terms of the Will of said decedent and the said declarations executed by said Executrix, and the proceeds thereof to be accounted for at such future times as may be proper. ’ ’ The wife executed a declaration on June 15, 1914, stating that she held a certain described mortgage as executrix of the testator, in trust for testator’s named brother and two nephews and “ that no assignment, extension or satisfaction of said mortgage or other instrument affecting said mortgage shall be executed or delivered by me without the written consent of the Imperial German Consul in the City of New York, for the time being, or Ms representative in office.” The wife also executed a similar declaration on the same day covering a parcel of real estate but stating that .she held said property in her individual name as executrix of the testator and that no conveyance or other instrument affecting-said property would be executed or delivered without the consent of the German Consul.
The mortgage covered by the aforesaid declaration was foreclosed and the premises were purchased by the wife who sold that parcel on June 3, 1918. The title to the parcel of realty covered by the declaration was acquired by the wife by deed dated April 5,1913, and said parcel was sold by her on December 9, 1921. The United States and Germany were at war on June 3,1918, and during the war and until 1924 all affairs of Germany in New York City were handled through the Consul General of Switzerland in New York City. No consent to the sale of either parcel of realty was obtained by the wife from the Swiss Consul.
The recitation in the decree itself establishes that the said declarations of trust were in no sense intended to be express *464 trust instruments but were substitutes for the conventional life tenant bonds otherwise required as security to the remainder-men. The execution of those instruments did not limit the gift to the life tenant under the will, nor did it in anywise change the nature of the remaindermen’s gifts. Independently of those instruments the life tenant occupied a trust relation not only to the testator’s three named remaindermen in the trust declaration, but also as to her own then unknown next of kin remainder-men (Seaward v. Davis, 198 N. Y. 415, 420, supra; Matter of Johnson, 5 Misc 2d 87, 89 and cases cited).
Notwithstanding the wife’s failure to procure the consent of the German Consul or his wartime representative, the Swiss Consul, to the sale of the two parcels of realty, her right as life tenant was superior to the provisions of the declarations and could not be taken away, limited or modified by them. In fact,' the declarations did not attempt to circumscribe the nature of anyone’s gifts under the will, but did impose the requirement of consent by the Consul to a sale. That requirement, had it any legal significance at the time of the sales, has no legal consequence now, as the wife properly used, in each case, all the proceeds from said sales for her own support.
Settle decree on notice.